(No. 75010.—

JUDY KORANDO, Adm'r of the Estates of Darrell Frazer and Todd Frazer, Deceased, Appellee, v. THE UNIROYAL GOODRICH TIRE COMPANY, Appellant.

*Opinion filed June 16, 1994.*

Ruth E. VanDemark, Donald R. McGarrah and R.

John Street, of Wildman, Harrold, Allen & Dixon, of Chicago, and Louis J. Basso, of Rabbit, Pitzer & Snodgrass, P.C., of St. Louis, Missouri, for appellant.

Raymond Lawler, of Marion, and Kim Noffke, of Golconda, for appellee.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Diane I. Jennings, of counsel), for *amicus curiae* Product Liability Advisory Council.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiff, Judy Korando, as administrator of the estates of her children Darrell Frazer and Todd Frazer, brought an action in the circuit court of Jackson County against the defendant, the Uniroyal Goodrich Tire Company. Darrell and Todd died following a one-car automobile accident. The plaintiff brought a products liability action alleging that the accident was caused by a defect in a tire manufactured by the defendant. The jury returned verdicts in the defendant's favor and the trial court entered judgment in favor of the defendant and against the plaintiff. The appellate court reversed and remanded for a new trial (No. 5—90—0809 (unpublished order under Supreme Court Rule 23)). This court allowed the defendant's petition for leave to appeal (134 Ill. 2d R. 315).

The evidence presented at trial established the following pertinent facts. On November 16, 1988, Kenneth Rice drove Todd's car, a 1974 Ford Maverick, from Chester, Illinois, to Cape Girardeau, Missouri, to pick up Todd, who worked on a river barge. Darrell, Todd's younger brother, accompanied Rice. Todd drove the car back to Illinois with Rice in the front passenger seat and Darrell in the back seat. While Todd was driving on Illinois Route 4, the tread and the top belt of

the right rear steel-belted radial tire separated from the bottom belt. The car skidded and went off the roadway, where it collided with a tree, vaulted into the air, and landed upside down in a creek. Darrell and Todd died as a result of injuries sustained in the accident, and Rice suffered a broken neck.

The tire involved in the accident was manufactured by the defendant in 1980. Prior to the accident, the tire had been subjected to three punctures, which were repaired with patches and a plug. Additionally, the beads of the tire had been damaged such that an inner tube was placed in the tire to ensure that the tire retained air.

The plaintiff subsequently instituted the present products liability action against the defendant. The sole theory of recovery was strict liability. In the complaint, the plaintiff contended that the tire on the car was in an unreasonably dangerous condition when it left the defendant's control, in that the defendant defectively manufactured the tire. According to the complaint, the defective tire was the proximate cause of the accident, which ultimately resulted in the deaths of Darrell and Todd. Rice also sued the defendant but settled prior to trial.

The defendant denied the plaintiff's allegations and raised three affirmative defenses: (1) the tire separated as a result of Todd's misuse and abuse, (2) Darrell and Todd assumed the risk of injury due to their awareness that the tire was not in good condition, and (3) Todd's contributory negligence was the sole proximate cause of Darrell's and Todd's deaths. However, since the affirmative defenses of misuse and abuse and contributory negligence were withdrawn prior to trial and the affirmative defense of assumption of risk was withdrawn at the close of all the evidence, these defenses were not presented to the jury for consideration.

In support of her claim, the plaintiff presented the testimony of expert witnesses. George Edwards, an independent tire consultant, testified as the plaintiff's expert witness. Edwards testified that the cause of the accident was the tire failure, which resulted from a defect in manufacturing. According to Edwards, the tire was in an unsafe condition when it left the manufacturer because the tire had insufficient adhesion within the steel-belt system. The insufficient adhesion caused the steel belt and the tread to separate, which ultimately caused the vehicle to veer out of control. Edwards contended that the two patches and the one plug in the tire did not cause the tread and belt separation. Moreover, it was his opinion that the speed of the car and Todd's braking and steering did not cause the accident.

Jackson County Deputy Sheriff Walter Brent Mosel, a certified accident reconstructionist with the State of Illinois, testified that he investigated the accident. Mosel calculated the speed of the car to be between 63 and 78 miles per hour. According to Mosel, one of the contributing factors to the accident was the loss of tread in the right rear tire. He also stated that the terrain of the area contributed to the accident.

Kenneth Rice testified that he had possession of Todd's car for 11 days prior to the accident, during which time he had no problems. Rice estimated that just prior to the accident, Todd was driving the car about 60 to 65 miles per hour. He testified that it seemed like the tire fell apart and then the car went sideways and ultimately went off the road.

After the close of the plaintiff's case in chief, the defendant presented a series of expert witnesses. James Laurence Tomlinson, an accident reconstruction expert, testified on behalf of the defendant. In Tomlinson's opinion, after the tread separated from the tire, the tire did not immediately blow out, but it lost air due to a

locked-brake slide. He stated that a vehicle will go essentially straight either when a tire blows out or where the tread separates. Tomlinson testified that, even with the tread coming off the tire, the accident would not have happened absent Todd's steering input and application of the brakes. Furthermore, Tomlinson testified that speed, which he calculated had been between 78 and 92 miles per hour, was a contributing factor in the accident. If the car had been going at a slower rate of speed, the car would have stopped before going off the roadway.

Richard John Harrison, director of product reliability for the defendant, also testified as a defense expert witness. Harrison testified that the tire failed after the top belt and tread detached and the lock-top skid abraded through the remaining belt and carcass, allowing the inner tube to blow out. In his opinion, the tread separation occurred as a result of a prior impact to the tire that damaged the adhesive bond between the two belts. Harrison further explained that the tire was in a weakened condition before the impact damage occurred since the adhesive system of the tire had already been degraded by three punctures. After the impact damage, the separation in the tire moved and grew such that the tread was ultimately torn apart by traction force. Harrison determined that, in addition to the impact damage, highway resistance is greater at a faster speed, and, if the tire is already in a weakened condition, the tearing force exerted on the tread would be greater. Thus, Harrison found that the condition of the tire and the speed contributed to the tread separation.

Lynn Barry Fricke's evidence deposition was admitted at trial. Fricke, a consultant in accident reconstruction, was originally hired by the plaintiff. Fricke testified that the tread separated from the tire when the

car was traveling 75 miles per hour. It was Fricke's opinion that there was no loss of air in the tire immediately following the tread separation; instead, the tire remained inflated until the car left the paved surface of the roadway. It was also his opinion that when the tread separated from the tire, the car was controllable and moved more or less straight down the road. Consequently, if the driver had held the steering wheel straight, the car would not have left the road. Fricke also stated that if the car had been going 55 miles per hour, the car would not have gone off the road. Based on the foregoing, Fricke testified that aside from the tire tread separating, the driver's steering input and the speed of the car contributed to the accident.

Prior to trial, the parties stipulated that, in the event of a jury deadlock, the vote of nine members of the jury would constitute the vote of the jury. After considering all of the evidence, the jury reached a deadlock. The judge then read the "deadlock" jury instruction, which informed the jurors that, in order to return a verdict, nine jurors must agree to it. As stated, the jury returned two general verdicts, which were signed by nine members of the jury, in the defendant's favor. Judgment was subsequently entered in favor of the defendant. The plaintiff appealed.

The appellate court, in a Rule 23 order, reversed and remanded for a new trial. First, the appellate court found that since the defendant withdrew its affirmative defenses, there was no affirmative matter or defense as to the proximate cause of the accident set forth by the defendant. The only issue before the jury was whether the tread came off the tire because of a flaw in the manufacturing process, which the defendant denied. Next, the appellate court held that if the defendant had desired to raise affirmative matters, such as substantial alteration of the product due to the repair of the flats,

the plug in the sidewall, prior impact, or that the inner tube somehow weakened the belt, then the defendant should have pleaded and proved such. In addition, the appellate court held that the speed of the car, improper turning, improper braking, and repair of the tire were irrelevant to whether the defendant improperly manufactured the tire. Consequently, such evidence had been improperly admitted at trial. Thus, the appellate court concluded that the trial court's refusal to instruct the jury to disregard the irrelevant matter prejudiced the plaintiff's right to a fair trial.

The issue presented in this appeal is whether evidence of the driver's conduct and the condition of the tire is admissible in this strict products liability action without being pled as an affirmative defense. To resolve this issue, we must address two underlying issues: (1) whether the defendant must plead lack of proximate cause as an affirmative defense; and (2) whether the defendant must plead substantial alteration of the tire as an affirmative defense.

## OPINION

The doctrine of strict products liability as set forth in the Restatement (Second) of Torts section 402A (1965) has been adopted as law in Illinois. (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 111, citing *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612.) Strict products liability is not a doctrine of absolute liability; the manufacturer of a product is not an absolute insurer. (*Coney*, 97 Ill. 2d at 111.) To recover under strict products liability, a plaintiff must plead and prove that the injury or damage resulted from a condition of the product manufactured by the defendant, that the condition was an unreasonably dangerous one, and that the condition existed at the time the product left the manufacturer's control. (*Coney*, 97 Ill. 2d at 111; *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 210; *Suvada*, 32 Ill. 2d at

623.) The determination of whether a product is defective, and therefore unreasonably dangerous, is ordinarily a question of fact for the jury (see *Renfro v. Allied Industrial Equipment Corp.* (1987), 155 Ill. App. 3d 140, 155), and, in making its determination, the credibility of the witnesses and the conflicts in the evidence are to be resolved by the jury.

### A. Proximate Cause

In this appeal, the defendant contends that it is not required to plead lack of proximate cause as an affirmative defense. The defendant also argues that the driver's conduct with respect to speed, braking and steering is relevant to the issue of proximate cause.

As stated, proximate cause is an element of a plaintiff's burden of proof such that a plaintiff must prove that his or her injury proximately resulted from the product's allegedly defective condition. (*Hunt*, 74 Ill. 2d at 210; *Suvada*, 32 Ill. 2d at 623.) The defendant is not required to plead lack of proximate cause as an affirmative defense, which arises when the defendant concedes the viability of the plaintiff's claim but then asserts a new matter in defense that defeats the plaintiff's apparent right to recover. (See *Condon v. American Telephone & Telegraph Co.* (1991), 210 Ill. App. 3d 701, 709.) Consequently, the defense that an allegedly defective product was not the proximate cause of the injury merely denies an element of the plaintiff's case and is not an affirmative defense. A claim of lack of proximate cause neither concedes the truthfulness of the plaintiff's claim nor asserts a new matter to defeat the plaintiff's claim; instead, it attacks the sufficiency of that claim.

In this case, the defendant's evidence with respect to Todd's speed, braking and steering relates to the defendant's denial that its tire's alleged defect was the proximate cause of the injuries suffered by the plaintiff's

decedents. We find that the conduct of a plaintiff or a third party is relevant to the issue of proximate cause in a strict products liability case. Although a plaintiff's negligence is generally not an issue in a strict products liability case, evidence relating to the plaintiff's conduct is admissible to establish a defendant's theory of defense that the product was not the proximate cause of the plaintiff's injuries.

This court has previously held that evidence of the conduct of third parties or plaintiffs is directly relevant to the issue of proximate causation. In *West v. Deere & Co.* (1991), 145 Ill. 2d 177, the driver of a van was killed when his vehicle collided with a field cultivator being towed by a tractor. The administrator of the driver's estate argued that the cultivator was defective because it extended over the center line of certain highways. This court found that the width of the cultivator was merely a condition present at the accident. (*West*, 145 Ill. 2d at 182.) According to the court, the conduct of the decedent and the tractor driver was the proximate cause of the accident. *West*, 145 Ill. 2d at 182.

Here, the defendant's evidence of Todd's speed, braking and steering was relevant to the issue of proximate cause and, therefore, admissible. Experts for both the plaintiff and the defendant agreed that Todd's car left the road as a result of the driver's steering, braking, and speed since the car was controllable following the tread separation.

### B. Substantial Alteration

Next, the defendant argues that its evidence of substantial alteration of the tire was not required to be pled as an affirmative defense and was relevant to the issue of a manufacturing defect. As previously stated, an element of the plaintiff's case involves proving that the defective condition of the product existed at the time the product left the manufacturer's control. (*Hunt*,

74 Ill. 2d at 210; *Suvada*, 32 Ill. 2d at 623.) A defendant's claim of substantial alteration to a product is not a new matter which, assuming the complaint to be true, constitutes a defense to it. Rather, it denies that an unreasonably dangerous condition of the product existed when it left the manufacturer's control. Thus, the deteriorated condition of the tire at the time of the accident was not an affirmative matter which the defendant was required to plead.

Additionally, we find that evidence relating to a substantial alteration in the condition of a product is relevant in determining whether the plaintiff has met his or her burden of proof with respect to the existence of the manufacturing defect. It is recognized that where a substantial alteration is made to the product, it may defeat the plaintiff's claim that the defective condition existed at the time it left the manufacturer's control. See *Gowler v. Ferrell-Ross Co.* (1990), 206 Ill. App. 3d 194, 201; *Augenstine v. Dico Co.* (1985), 135 Ill. App. 3d 273, 276; *Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 227.

Here, the defendant contends that the tread separation was not due to a manufacturing defect, but rather was attributable to an impact and repairs to the tire that damaged the adhesion in the tire. We find such evidence relating to the condition of the tire prior to the accident to be relevant to the issue of whether the tire had undergone substantial alterations.

Based upon the foregoing, we conclude that the evidence of Todd's speed, braking, steering and the substantial alterations to the tire was relevant to the defendant's denial of plaintiff's claim and therefore properly admitted. Additionally, we find that it was not against the manifest weight of the evidence for the jury to find in favor of the defendant. Accordingly, we reverse the judgment of the appellate court and affirm the judgment

of the circuit court, which entered judgment in favor of the defendant.

*Appellate court reversed;*
*circuit court affirmed.*