No. 3--06--0282

Filed March 27, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| In re R.W. and S.W., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Minors | ) | Peoria County, Illinois, |
| | ) | |
| (The People of the State of | ) | |
| Illinois, | ) | |
| | ) | Nos. 05--JA--129 and |
| Petitioner-Appellee, | ) | 05--JA--130 |
| | ) | |
| v. | ) | |
| | ) | |
| Melvin W., | ) | Honorable |
| | ) | David J. Dubicki, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE McDADE delivered the opinion of the court:

The respondent, Melvin W., is the father of the minor children R.W. and S.W. At the time the State filed its juvenile petition alleging that the minors were neglected, the respondent was not living with the children and their mother. The trial court adjudicated the minors to be neglected because of an injurious environment and placed them in the care of the Department of Children and Family Services (DCFS). During a dispositional hearing, the respondent sought custody of the children. The court orally announced that it was reserving the

issue of respondent's fitness.  The court's written dispositional order, however, stated that the respondent was "fit but reserved."  The court denied the respondent's request for custody of his children.

On appeal, the respondent argues that the trial court erred by (1) denying him custody of the children when it had found him to be fit; and (2) finding that it was in the children's best interest to remain in DCFS custody.  We affirm and remand with directions.

BACKGROUND

On June 9, 2005, the State filed two nearly identical juvenile petitions alleging that R.W. and S.W. were neglected because of an injurious environment.  The petition stated that the children's mother had left them alone and unsupervised on several occasions.  Although the petition named the respondent as the father, none of the allegations referred to his conduct.

On September 28, 2005 the court adjudicated the children to be neglected, and entered an order of default against the respondent.  On that date, the court also issued a dispositional order in which it found the mother to be unfit, but made no ruling with regard to the respondent because it found his paternity at that time to be putative.  In the September 28 dispositional order, the court made the children wards of the court and named DCFS as their guardian.

2

Later, the respondent voluntarily acknowledged paternity of the minors. The court then granted the respondent's motion to vacate his default. Consequently, the court held a second dispositional hearing regarding the respondent on March 21, 2006, and April 11, 2006. At the conclusion of the April 11 proceeding, the judge said with regard to the respondent,

"I will reserve his fitness.

Now, in terms of placement, I'm going to again keep DCFS as the guardian. Let me say I don't believe this is an issue under 227 even though I found him fit but reserved."

The court issued its written dispositional order that same day. In the order the court stated that the respondent was "fit but reserved." In the April 11 order, the court reiterated that the children were wards of the court and that DCFS was their guardian. The respondent appealed.

## ANALYSIS

The respondent contends that the trial court erred by denying him custody of the children when it had found him to be fit.

Once a trial court adjudicates a child to be neglected, the court shall hold a dispositional hearing. 705 ILCS 405/2--21(2) (West 2004). If the child is made a ward of the court at the dispositional hearing, the court shall determine the proper

3

disposition. 705 ILCS 405/2--22(1) (West 2004). If the child was found neglected, the court shall not return the child to the custody of the parent until the court enters an order finding the parent to be fit to care for the child. 705 ILCS 405/2--23(1)(a) (West 2004). If the court determines that the parent is unfit to care for the child, the court may commit the child to the care of DCFS. 705 ILCS 405/2--27(1)(d) (West 2004). At the dispositional phase, the trial court may reserve the issue of a respondent's fitness. See In re E.L., 353 Ill. App. 3d 894, 819 N.E.2d 1191 (2004).

When a trial court's oral pronouncement is in conflict with its written order, the oral pronouncement prevails. In re Taylor B., 359 Ill. App. 3d 647, 834 N.E.2d 605 (2005). A trial court's disposition that is not authorized by statute is void. In re D.W., 214 Ill. 2d 289, 827 N.E.2d 466 (2005).

In the present case, the preliminary issue is whether the trial court found the respondent to be fit, as the respondent asserts. The respondent contends that the court found him fit because its disposition was that he was "fit but reserved." This is a question of law, which we review de novo. See In re Taylor D., 368 Ill. App. 3d 854, 858 N.E.2d 961 (2006).

In this case, the trial court's initial oral pronouncement was that the issue of respondent's fitness was reserved. Later, the court orally stated that it had found the respondent fit but

4

reserved.  In the written dispositional order, the court stated that it found the respondent fit but reserved.

First, we note that the statutes concerning the dispositional phase of juvenile proceedings do not authorize a finding of "fit but reserved."  The statutes only speak of a finding of fitness or unfitness.  See 705 ILCS 405/2--23(1)(a), 2--27(1)(d) (West 2004).  Thus, the court's oral pronouncement and written order stating that the respondent was "fit but reserved" are void.  See D.W., 214 Ill. 2d 289, 827 N.E.2d 466.

The court's oral pronouncement that it was reserving the issue of respondent's fitness was a valid determination by the court.  See E.L., 353 Ill. App. 3d 894, 819 N.E.2d 1191.  This oral pronouncement took precedence over the court's written order that the respondent was "fit but reserved."  See Taylor B., 359 Ill. App. 3d 647, 834 N.E.2d 605.  Thus, the trial court reserved the matter of the respondent's fitness.  We hold, therefore, that the respondent is incorrect as a matter of law that the trial court found him to be fit.

Because the trial court reserved the matter of the respondent's fitness, we need not consider the respondent's argument concerning whether it was in the best interest of the children to continue in the custody of DCFS.  The court may not resolve the question of whether the respondent may have custody of the children until it determines whether the respondent is fit

5

or unfit.  See 705 ILCS 405/2--23(1)(a), 2--27(1)(d) (West 2004). Consequently, we remand the matter for the trial court to determine whether the respondent is dispositionally fit or unfit, and for further proceedings consistent with this order.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Peoria County circuit court and remand the cause with directions.

Affirmed and remanded with directions.

HOLDRIDGE and CARTER, JJ., concur.