No. 3--07--0098

Filed April 3, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | |
|---|---|
| In re K.L.S-P., | ) Appeal from the Circuit Court |
| | ) of the 10th Judicial Circuit, |
| a Minor | ) Peoria County, Illinois, |
| | ) |
| (The People of the State of | ) |
| Illinois, | ) |
| | ) |
| Petitioner-Appellee, | ) No. 06--JA--112 |
| | ) |
| v. | ) |
| | ) |
| I.S-P., | ) Honorable |
| | ) David J. Dubicki, |
| Respondent-Appellant). | ) Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

K.L.S-P. is the minor child of the respondent father,
I.S-P. The trial court adjudged the minor to be neglected. At
the conclusion of the dispositional hearing, the court made the
child a ward of the court, and orally found the respondent to be
dispositionally "fit but reserved." Additionally, the court
stated that "fit but reserved is fit." In the court's written
dispositional order, the court checked the box next to the
statement that the respondent was "fit but reserved." The record
does not indicate, and the court did not find, that the
respondent was either unable or unwilling to care for the child.

The court gave the Department of Children and Family Services (DCFS) custody and guardianship of the child.  On appeal, the respondent argues that the court erred by granting DCFS custody and guardianship of the minor.  We reverse.

Once a trial court adjudicates a child to be neglected, the court shall hold a dispositional hearing.  705 ILCS 405/2--21(2) (West 2006).  In order to make a child a ward of the court, the court must determine that the parent is dispositionally unfit to care for the child.  705 ILCS 405/2--27(1) (West 2006); In re April C., 326 Ill. App. 3d 225, 760 N.E.2d 85 (2001).

If the child is made a ward of the court at the dispositional hearing, the court shall determine the proper disposition.  705 ILCS 405/2--22(1) (West 2006).  If the child was found neglected, the court shall not return the child to the custody of the parent until the court enters an order finding the parent to be fit to care for the child.  705 ILCS 405/2--23(1)(a) (West 2006).  If the court determines that the parent is unfit, unable, or unwilling to care for the child, the court may commit the child to the care of DCFS.  705 ILCS 405/2--27(1)(d) (West 2006).  We will reverse a trial court's dispositional determination only if the findings of fact are against the manifest weight of the evidence, or if the trial court committed an abuse of discretion by selecting an inappropriate dispositional order.  April C., 326 Ill. App. 3d 225, 760 N.E.2d

2

85.

When a trial court's oral pronouncement is in conflict with its written order, the oral pronouncement prevails. In re Taylor B., 359 Ill. App. 3d 647, 834 N.E.2d 605 (2005). A trial court's disposition that is not authorized by statute is void. In re D.W., 214 Ill. 2d 289, 827 N.E.2d 466 (2005).

In In re R.W., 371 Ill. App. 3d 1171, 864 N.E.2d 1007 (2007), the trial court made both oral and written findings that the respondent was dispositionally fit but reserved. The trial court also orally stated that it was reserving the respondent's fitness. In R.W., this court noted that the relevant juvenile statutes do not authorize a dispositional finding of fit but reserved, but only a finding that a respondent is either fit or unfit. Consequently, we found the trial court's statements to be void that the respondent was fit but reserved. However, we also said that the court's oral pronouncement that it was reserving the respondent's fitness was valid, which prevailed over its written and oral statements that the respondent was fit but reserved. Therefore, we remanded the matter for the trial court to determine whether the respondent was dispositionally fit or unfit. R.W., 371 Ill. App. 3d 1171, 864 N.E.2d 1007.

Similarly, in this case, the trial court made both written and oral findings that the respondent was "fit but reserved." Unlike the facts in R.W., however, the court in the present case

3

orally pronounced the respondent to be fit by stating that "fit but reserved is fit."  As in R.W., the court's findings that the respondent was "fit but reserved" were void because they were not authorized by statute.  Applying the rationale of R.W. to this case, the court's oral pronouncement that the respondent was "fit" was a valid finding that prevailed over the court's written and oral findings that the respondent was "fit but reserved."  See R.W., 371 Ill. App. 3d 1171, 864 N.E.2d 1007.  Put simply, the trial court in this case found the respondent to be dispositionally fit.

We reiterate that the record does not indicate, and the court did not find, that the respondent was either unable or unwilling to care for the child.  Having found the respondent to be fit, the trial court was not authorized to make the child a ward of the court, and to grant custody and guardianship of the minor to DCFS.  See 705 ILCS 405/2--23(1)(a), 2--27(1) (West 2006); April C., 326 Ill. App. 3d 225, 760 N.E.2d 85.  We hold that the trial court abused its discretion by committing the minor to the care of DCFS after having found the respondent to be dispositionally fit, and without having found the respondent to be either unable or unwilling to care for the child.  Therefore, we reverse that portion of the Peoria County circuit court's dispositional order that granted DCFS custody and guardianship of K.L.S-P.

4

Reversed.

HOLDRIDGE and SCHMIDT, J. J. concurring.