# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Figliulo*, 2015 IL App (1st) 140290

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JAMES R. FIGLIULO, Petitioner-Appellee, and MARY ANNE FIGLIULO, Respondent-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-0290 |
| Filed | December 7, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-D-10448; the Hon. Naomi H. Schuster, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Law Offices of Cheryl M. Berdelle, of Chicago (Cheryl M. Berdelle, of counsel), for appellant.<br><br>Figliulo & Silverman, P.C., of Chicago (James R. Figliulo, of counsel), appellee *pro se*. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent, Mary Anne Figliulo, appeals the order of the circuit court finding in favor of petitioner, James R. Figliulo, on his claim that he overpaid his maintenance obligation to respondent in 2011. On appeal, respondent contends that the trial court lacked jurisdiction to consider petitioner's claim and therefore its order is void *ab initio* and should be vacated. For the following reasons, we affirm.

¶ 2                                JURISDICTION

¶ 3    The trial court entered its order on October 9, 2013. Respondent filed her motion to reconsider, which the trial court denied on December 31, 2013. Respondent filed her notice of appeal on January 29, 2014. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008) governing appeals from final judgments entered below.

¶ 4                                BACKGROUND

¶ 5    Petitioner and respondent married on August 19, 1972, and subsequently had three children. The trial court entered judgment for dissolution of the parties' marriage on October 11, 2011. The "Maintenance" section of the judgment provided that "Petitioner shall pay to Respondent as and for permanent maintenance of $7500 per month plus a total of 35% from the gross of any bonus or other income Petitioner receives as a result of his employment with Figliulo & Silverman, P.C. or any other successor business wherein he earns income as an attorney or consultant." The trial court's order pursuant to the agreement stated "[t]hat Petitioner shall pay Respondent permanent maintenance in the amount of $7500 per month plus an amount calculated when Petitioner receives his bonuses, of 35% from the gross, including the $7500 monthly in said calculation which Petitioner receives as a result of his employment with Figliulo & Silverman, P.C. or any other successor business wherein he earns income as an attorney or consultant." The order further provided that "the Court reserves jurisdiction over the parties hereto and subject matter herein for purposes of enforcing this judgment."

¶ 6    Petitioner filed a timely motion to reconsider, modify and clarify the judgment, which the trial court denied on January 20, 2012. Meanwhile, in fulfillment of his maintenance obligations, petitioner paid respondent two payments of $7,500 for November and December of 2011, and also paid a lump sum of $214,987.50 representing "35% from the gross" income of 2011.

¶ 7    Petitioner filed a motion to compel reimbursement on September 4, 2012. He argued that he overpaid his maintenance obligation for 2011 by $168,417.50 because the amount he paid represented 35% of his income for the entire year, and he only owed maintenance after the date on which the judgment for dissolution of marriage was entered, October 11, 2011. After a hearing, the trial court granted petitioner's motion finding that pursuant to the terms of the judgment, petitioner overpaid maintenance. The court found that the order was ambiguous in that it did not address the issue of whether petitioner's maintenance obligation for 2011 should be prorated. It considered undisputed testimony presented at the hearing that up to the date of the dissolution judgment, the parties lived the lifestyle they were accustomed to during the

marriage. Therefore, the court found that the order intended for petitioner's maintenance obligation to begin on October 11, 2011, the date of the judgment. The judgment required respondent to pay as maintenance 35% of his annual income which in 2011 was $810,000. However, his annual income prorated from October 11, 2011 to December 31, 2011, was $283,500. It ordered respondent to reimburse petitioner $167,073.80 representing petitioner's overpayment in 2011.[1]

¶ 8        Respondent filed a motion to reconsider, arguing that the trial court did not have jurisdiction to modify or vacate any portion of the final judgment entered on October 11, 2011, and that the proper vehicle for petitioner to challenge the order is a petition filed pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). Respondent also argued that the calculation of maintenance for 2011 complied with the unambiguous terms and language of the October 11, 2011 judgment. In response, petitioner argued that in ruling on his motion, the trial court did not modify or change the terms of the dissolution judgment but rather determined the meaning of the judgment and properly applied its terms to the facts. The trial court denied the motion to reconsider on December 31, 2013. Respondent filed this timely appeal.

¶ 9                                                          ANALYSIS

¶ 10       On appeal, respondent contends that the trial court erred in its application of existing law when it found it had jurisdiction to consider petitioner's motion to compel reimbursement, which was filed more than 30 days after the judgment for dissolution of marriage. Therefore, it should have granted respondent's motion to reconsider. When reviewing the denial of a motion to reconsider based on the misapplication of existing law, the standard of review is *de novo*. *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006).

¶ 11       A court's jurisdiction in a dissolution proceeding is limited to that conferred by statute. *In re Marriage of Milliken*, 199 Ill. App. 3d 813, 817 (1990). Furthermore, entry of a final order in a dissolution proceeding "becomes a final and conclusive adjudication after the passage of 30 days from its rendition." *Id*. The court, however, retains indefinite jurisdiction to enforce its orders relating to the dissolution judgment. *In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1016 (2011). A distinction exists between enforcement and modification of an order. The court has jurisdiction to modify an order only upon a finding of a substantial change in circumstances pursuant to factors set forth in section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510(a-5) (West 2012)). In his motion to compel, petitioner does not allege a substantial change in circumstances.

¶ 12       The issue before us, then, is whether in filing his motion to compel reimbursement, petitioner sought enforcement of the dissolution judgment. A petition seeks to enforce the terms of the trial court's order in the dissolution judgment if it requests a determination of the parties' rights and obligations with respect to the terms, as opposed to the imposition of new or different obligations on the parties. *In re Marriage of Hall*, 404 Ill. App. 3d 160, 165 (2010); *Waggoner v. Waggoner*, 78 Ill. 2d 50, 53-54 (1979). In order to determine whether petitioner here sought to enforce the dissolution judgment, we look to its terms.

---

[1]We note that neither party on appeal challenges the amount or the trial court's calculations regarding petitioner's overpayment of maintenance in 2011.

¶ 13        The rules of contract interpretation apply to the provisions of a dissolution judgment. *In re Marriage of Carrier*, 332 Ill. App. 3d 654, 658 (2002). "[T]he primary objective when interpreting a divorce [judgment] is to carry out the purpose and intent of the court ***." *In re Marriage of Szczotka*, 87 Ill. App. 3d 314, 317 (1980). When the terms of the agreement are unambiguous, the parties' intent is determined solely from the plain and ordinary meaning of those terms. *Hall*, 404 Ill. App. 3d at 166. If the language in the agreement is ambiguous, the trial court may consider extrinsic evidence to determine the parties' intent. *In re Marriage of Wenc*, 294 Ill. App. 3d 239, 243 (1998); *Szczotka*, 87 Ill. App. 3d at 317.

¶ 14        Here, petitioner sought a determination of his 2011 maintenance obligation pursuant to the dissolution judgment. The trial court found that the maintenance order in the dissolution judgment was ambiguous because it did not address whether petitioner's maintenance obligation for 2011 should be prorated. The trial court considered undisputed testimony presented at the hearing that up to the date of the dissolution judgment, the parties lived the lifestyle they were accustomed to during the marriage. It therefore determined that the order intended for petitioner's maintenance obligation to begin on October 11, 2011, the date of the judgment. In making this finding, the trial court merely clarified the rights and obligations of the parties as set forth in the dissolution judgment. The trial court's order did not impose new or different maintenance obligations on the parties. Since petitioner sought to enforce the dissolution judgment, the trial court had jurisdiction to consider the motion and enter its order. See *Hendry*, 409 Ill. App. 3d at 1016 (trial court retains indefinite jurisdiction to enforce terms of a judgment for dissolution of marriage).

¶ 15        Respondent disagrees, arguing that the petitioner did not seek enforcement of the dissolution judgment because petitioner filed a motion to compel reimbursement instead of a proper motion to enforce the judgment. Although true, petitioner's motion is titled a motion to compel rather than a motion to enforce. However, "the character of the pleading should be determined from its content, not its label. Accordingly, when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *In re Haley D.*, 2011 IL 110886, ¶ 67. As discussed above, the substance of the motion to compel was to clarify and enforce the rights and obligations of the parties as set forth in the dissolution judgment. As such, the trial court had jurisdiction to enter its order on petitioner's motion to compel reimbursement. See *Hall*, 404 Ill. App. 3d at 165-66.

¶ 16        Respondent also argues that since petitioner filed his motion to compel more than 30 days after the trial court entered the judgment for dissolution of marriage, he should have filed a petition pursuant to section 2-1401 of the Code to vacate the dissolution judgment. However, this court has determined that the trial court has jurisdiction to enforce a marital settlement agreement incorporated into the dissolution judgment "without first establishing a basis to vacate the dissolution judgment pursuant to section 2-1401 of the Code." *Id.* at 165. Therefore, petitioner need not first file a section 2-1401 petition before seeking to enforce the terms of the order in the dissolution judgment.

¶ 17        Finally, in her reply brief, respondent argues that it is disingenuous for petitioner to argue that his motion to compel was actually a request to enforce the dissolution judgment because he sought reimbursement for overpayment of maintenance and "set[ ] forth an entirely new calculation for maintenance." She argues that the trial court's actions in hearing and ruling on the motion "went well beyond a legally justifiable understanding of an enforcement proceeding." Respondent provides no further explanation and no citation to authority

supporting her arguments in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) (argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). In any event, we see no reason why a request for reimbursement cannot occur within an enforcement proceeding as there are no specific provisions in the Act that address reimbursement for overpayment of maintenance obligations. See *In re Marriage of Tollison*, 208 Ill. App. 3d 17, 20-21 (1991) (court allowed reimbursement for overpayment of maintenance and child support even though "no procedural mechanism or current legal theory exists to undo the error" because the amount was paid pursuant to a court order and "fundamental fairness demands that such credit be given").

¶ 18     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 19     Affirmed.