2021 IL App (3d) 200476

Opinion filed December 10, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* MARRIAGE OF JANET C. | ) | Appeal from the Circuit Court |
| GRAHAM, n/k/a Janet C. Michalek, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-20-0476 |
| and | ) | Circuit No. 08-D-1794 |
| | ) | |
| JAMES J. GRAHAM, | ) | Honorable |
| | ) | David Garcia, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Daugherity concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Janet C. Graham, n/k/a Janet C. Michalek, the petitioner, filed a petition for contribution and reimbursement against James J. Graham, the respondent, for college expenses she paid on behalf of the parties' youngest daughter, which she argued was James's responsibility to pay. James filed a motion to dismiss the petition, which the circuit court granted. Janet appeals.

¶ 2                                I. BACKGROUND

¶ 3        The parties were married for nearly 24 years and had three children. In October 2008, Janet filed a petition for dissolution of marriage. The children were 23, 20, and 18 years old. In July

2010, the court entered an agreed dissolution judgment. The parties obligated themselves to pay for their children's college expenses if a child showed a propensity for educability and higher learning. If so, the parties were to each pay one-third of the child's college expenses and the other one-third would be contributed by the child. College expenses included tuition, books, room and board, health insurance, car insurance, medical expenses, and prior student loans. The payment of college expenses was limited to not more than a consecutive four year course of study in college or a training, vocational, or technical school immediately following graduation from high school. At the time the dissolution judgment was entered, the parties' youngest daughter, Olivia Graham, was 20 years old (born July 1990) and attending college.

¶ 4        In November 2012, after a series of filings by the parties, the court modified the dissolution judgment and stated that James "agrees to be responsible for all the college debt for all three of the parties' children, present and past and future expenses." The order was signed by both parties next to the word "agreed." The order provided no further changes to the dissolution judgment as it related to college expenses but addressed other issues relating to maintenance.

¶ 5        In June 2020, Janet filed a petition for contribution and reimbursement of college expenses and debts against James. She alleged that she incurred $1693 in debt for Olivia's college expenses, who was still working toward her four-year degree, and requested reimbursement. It was Janet's position that the 2012 modification made James liable for all college expenses (past, future, and present) without limitation, such as the length of time allowed to pursue a four-year degree.

¶ 6        James filed a motion to dismiss Janet's petition pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)). First, he argued that the petition was not commenced within the time limited by law. Specifically, the 2016 amendment to section 513(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) allowed parties to extend the time for

a petition to be brought for post high school expenses past a child's 23rd birthday. 750 ILCS 5/513(a) (West 2016); see Pub. Act 99-90 (eff. Jan. 1, 2016). However, that section also required that the expenses be incurred no later than the child's 23rd birthday, except for good cause shown, but in no event later than the child's 25th birthday. James stated that the petition for reimbursement was filed shortly before Olivia's 30th birthday for expenses that occurred after her 23rd birthday and that no good cause was alleged to extend the expenses beyond her 23rd birthday.

¶ 7     Second, James argued that the payment of college expenses was limited to not more than four years of study immediately following graduation of high school and that the expenses for which reimbursement was sought were incurred long after the expiration of the four consecutive years following Olivia's high school graduation.

¶ 8     Third, James contended that Olivia did not demonstrate a propensity for educability and higher learning. He noted that she attended college part-time on an off-and-on basis at four colleges. James stated that Olivia now wished to transfer to another college but it would take at least two more years for her to obtain a bachelor's degree if she attended full-time and achieved passing grades. He noted that she did not have a cumulative "C" average, failed numerous classes, and was not admitted into a teaching program due to having a less than 2.0 GPA. Further, many of her course credits would not transfer to subsequent schools due to her low grades.

¶ 9     James provided that he paid all college expenses incurred within four consecutive years of her high school graduation date and his obligation to pay college expenses terminated. Although he was not legally required to do so, he continued to pay Olivia's college expenses until she obtained her associate's degree, long after her 23rd birthday. James also stated that Olivia attended Rockford University part-time in the spring of 2020 and owed a balance of $1693. However, she received a reimbursement from Rockford University in the amount of $2290 due to Covid-19 and

3

used the refund for a down payment on a home. James attached his affidavit to his motion in support of these facts. Janet responded to James's motion and attached Olivia's affidavit providing that Olivia attended college after the 2012 modification and incurred $25,823 in loans to pay for her college expenses.

¶ 10   In October 2020, the matter proceeded to hearing. The court clarified Janet's position: "So if I take your position, [Olivia] could be 100 and [James] could be 120 and *** he'd still have to pay." To which Janet's counsel responded, "the man agreed to pay for the parties' college debt, past, present, and future expenses. And there's *** no limit on that." The court disagreed and dismissed Janet's petition with prejudice. The court found that the 2012 modification only changed who paid for the college expenses. Janet appeals.

¶ 11                                    II. ANALYSIS

¶ 12   Janet argues that the court erred as a matter of law when it granted James's motion to dismiss because the 2012 modification required that James pay all college expenses for their children without restriction. Specifically, she claims that the 2012 modification providing that James be solely responsible for the children's college expenses superseded all conditions in the 2010 dissolution judgment. James argues that the expenses for which Janet seeks reimbursement were not incurred within the applicable time frame, he paid all expenses for which he was liable, and the reimbursement sought failed to meet the condition precedent that the child demonstrate a propensity for educability and higher learning that was set forth in the 2010 dissolution judgment.

¶ 13   We review a circuit court's determination of a section 2-619 motion to dismiss *de novo*. *Leroy K.D. v. Nicole B.*, 2021 IL App (3d) 200010, ¶ 35. When *de novo* review applies, we perform the same analysis that the circuit court would perform. *Id.* Likewise, whether the dissolution judgment reflected the actual intent of the parties is a question of contract and also reviewed

4

*de novo*. *In re Marriage of Allen*, 343 Ill. App. 3d 410, 413 (2003). "When the terms of the agreement are unambiguous, the parties' intent is determined solely from the plain and ordinary meaning of those terms." *In re Marriage of Figliulo*, 2015 IL App (1st) 140290, ¶ 13. If the language is deemed ambiguous, the court may consider extrinsic evidence to determine the parties' intent. *Id.*

¶ 14        Parties to a contract may, by mutual assent, modify a contract, provided that such modification does not violate law or public policy. *Schwinder v. Austin Bank of Chicago*, 348 Ill. App. 3d 461, 468 (2004). "A modified contract containing a term inconsistent with a term of an earlier contract between the same parties is interpreted as including an agreement to rescind the inconsistent term in the earlier contract." *Id.* at 469. Therefore, the modified contract is regarded as creating a new single contract that consists of the terms of the prior contract that the parties have not agreed to change *and* the new term(s) on which they have agreed to change. *Id.*

¶ 15        Here, the 2012 modification made James solely responsible for the children's college expenses and rescinded the prior inconsistent term that the college expenses were to be divided into thirds. The order provided that the modification was retroactive and applied to all college expenses that were incurred prior to the modification (where his original responsibility was only a one-third share) and after (as Olivia was 22 years old and pursuing a four-year degree). The language of the 2010 dissolution judgment and the 2012 modification order are clear and unambiguous, and there is no evidence that the parties intended the modification to rescind terms unrelated to who was paying for the college expenses. Therefore, we agree with James that the college expenses at issue were not incurred within the applicable time frame.

¶ 16        Nonetheless, Janet argues that James's conduct after the entry of the 2012 modification implied that he intended to pay for college expenses for the children after the age of 25 (referring

5

to the 2016 amendment to section 513(a) of the Act). *Supra* ¶ 6. She references James's affidavit where he admitted that he paid for Olivia's college expenses long after she turned 23 years old. Janet poses the question, "If James really believes his own argument, that he was not legally obligated to pay college expenses for his children over the age of twenty-five, then why did he pay these expenses for her when she was over twenty-five?" We decline to engage in such speculation. Further, we note that Janet has failed to cite any authority suggesting that a parent's voluntary payment of a child's college expenses imposes an indefinite obligation to continue. "Where an appellant has failed to support his or her arguments with citations to authority, this court will not research the issues on the appellant's behalf." *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19. Failure to cite relevant authority does not comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and results in forfeiture. *Gakuba*, 2015 IL App (2d) 140252, ¶ 19. Thus, Janet forfeited this argument.

¶ 17 Moreover, even if the 2012 modification somehow rescinded the term related to the length of time allowed to pursue a four-year degree, the evidence demonstrated that Olivia failed to show a propensity for educability and higher learning. This condition precedent was set forth in the 2010 dissolution judgment, which was clearly not rescinded by the 2012 modification as already explained. Regardless, Janet argues that "no evidentiary hearing was ever had to determine Olivia's educability or to determine whether any of the facts or allegations contained in James's affidavit were accurate or considered by the parties when they entered into their agreement on November 26, 2012."

¶ 18 It is important to understand the procedure at this stage. James moved for involuntary dismissal pursuant to section 2-619 of the Code of Civil Procedure for, among other things, an "affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9)

(West 2020). If the "affirmative matter" asserted is not apparent on the face of the complaint, the motion must be supported by an affidavit. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). By presenting an adequate affidavit supporting the asserted defense, the defendant satisfies his initial burden of going forward on the motion to dismiss, and the burden shifts to the plaintiff who must establish that the defense is unfounded or requires the resolution of a material fact before it is proven. *Id.* A counteraffidavit is necessary to refute evidentiary facts properly asserted by affidavit supporting the motion; otherwise, the facts are deemed admitted. *Id.*

¶ 19 Here, James asserted that the "affirmative matter" avoiding the legal effect or defeating the claim was Olivia's failure to meet the condition precedent for payment of her college expenses: a propensity for educability and higher learning per the 2010 dissolution judgment. His affidavit stated that Olivia attended college part-time on an off-and-on basis, it would take at least two more years for her to obtain a bachelor's degree if she attended full-time and achieved passing grades, she did not maintain a cumulative "C" average, she was unable to progress into her desired program due to her low grades, and she failed numerous classes. Though Olivia provided an affidavit, it only included information regarding debt for her college expenses. She did not refute the evidentiary facts asserted in James's affidavit, which are deemed admitted. See *id.* As such, an evidentiary hearing to determine the accuracy of the facts in James's affidavit was unnecessary.

¶ 20 Accordingly, the court did not err as a matter of law when it granted James's motion to dismiss and dismissed Janet's petition for contribution and reimbursement with prejudice.

¶ 21 III. CONCLUSION

¶ 22 For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 23 Affirmed.

**No. 3-20-0476**

| | |
|---|---|
| **Cite as:** | *In re Marriage of Graham*, 2021 IL App (3d) 200476 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 08-D-1794; the Hon. David Garcia, Judge, presiding. |
| **Attorneys for Appellant:** | Genevieve M. Binnie, of Anderson & Boback, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Lynn M. Hickey, of Hutchinson, Anders & Hickey, of Tinley Park, for appellee. |