**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210543-U

Order filed June 9, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* T.E., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| a Minor | ) | Tazewell County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-21-0543 |
| | ) | Circuit No. 21-JA-211 |
| v. | ) | |
| | ) | |
| S.E., | ) | |
| | ) | Honorable Mark E. Gilles, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice O'Brien and Justice Lytton concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court's order finding respondent unfit and making the minor a ward of the court was not against the manifest weight of the evidence or an abuse of discretion.

¶ 2     Respondent, S.E., appeals from the trial court's dispositional order under the Juvenile Court Act of 1987 (Act). 705 ILCS 405/1-1 *et seq*. (West 2020). Following a combined adjudicatory and dispositional hearing, the court found respondent to be dispositionally unfit to

care for her minor son, T.E., and made him a ward of the court. On appeal, respondent argues that the trial court's finding of unfitness was against the manifest weight of the evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On July 26, 2021, the State filed a one-count shelter care petition, alleging the minor was neglected in that the environment was injurious to his health, and asked that he be made a ward of the court. The State alleged: (1) on or about June 7, 2021, the Department of Children and Family Services (DCFS) received allegations alleging medical neglect of the minor. The father gave the minor apple juice when a doctor advised his intake should be limited, but in June 2021, an investigator found his house had no juice and only sugar-free drinks; (2) the minor has autism, intestinal issues, and acid reflux, and he had diarrhea as a result of constipation that is typical with autistic children; (3) the parents share custody; (4) respondent had another child taken into protective custody on April 22, 2021, in case No. 21-JA-113; and (5) the parents harass each other and do not cooperate for the benefit of the minor. The parents had made cross-allegations in orders of protection relating to visits with the minor. There have been instances of police involvement.

¶ 5        On October 5, 2021, Children's Home filed a dispositional hearing report for the October 19, 2021, hearing, including an attached UnityPoint Health preadmission assessment of respondent for substance-use disorder. In part, the assessment noted respondent reported having difficulty focusing and remembering things due to her use of Kratom.[1] Respondent claimed she had never been convicted of a crime, jailed, or placed on court supervision or probation. Respondent claimed

---

[1]"Kratom is a tropical tree native to Southeast Asia. Consumption of its leaves produces both stimulant effects (in low doses) and sedative effects (in high doses), and can lead to psychotic symptoms, and psychological and physiological dependence." https://www.dea.gov/sites/default/files/2020-06/Kratom-2020_0.pdf.

she had never been in legal trouble and had no legal issues pending. Respondent stated she previously lost her children, but they had been returned to her one month prior to the assessment.

¶ 6 Respondent had no medical treatment relating to her substance abuse. She had not been diagnosed with a mental illness. Respondent related that her substance abuse caused unsteadiness, brain fog, racing thoughts, a feeling of being overwhelmed, irritability, anxiety, paranoia, detachment, impulsive spending, and irresponsibility. She uses drugs to function during the day and needs higher doses to get the same high. Respondent first used Kratom in May 2019 when she was 33 years old. She last used 100 capsules, each containing 0.5 gram of Kratom, on September 15, 2021. On average, she uses 50 grams of Kratom daily. Respondent stopped using Kratom seven days earlier. Respondent reported using .05 grams of cannabis daily since the age of 14. She last used in July 2021, but she relapsed. Respondent spent $80 for Kratom and $40 to $50 for cannabis weekly. She smokes 1½ packs of cigarettes per day. Respondent had used Methadone and Vicodin to avoid Kratom-withdrawal symptoms. She attends AA and has a sponsor. She was clean at that time. Respondent had been in a wreck at work due to her combined use of Kratom and cannabis. She had diagnoses of (Kratom) substance-related disorder, severe, and cannabis-use disorder, severe. The caseworker recommended intensive outpatient treatment.

¶ 7 On October 19, 2021, the State filed an amended shelter care petition (amended petition), and the trial court held a hearing on the amended petition on that date. The trial court noted that in addition to the case at issue, No. 21-JA-211, respondent had related cases in No. 21-OP-438, No. 21-OP-474, and No. l7-F-l32. The court felt it could enter an adjudication order on the pleadings. None of the parties desired a factual bases for the amended petition. The court found the amended petition proven by a preponderance of the evidence. The court entered a written adjudicatory order, finding the minor abused or neglected as defined by section 2-3 of the Act. *Id.* § 2-3. The court

found the minor was in an environment that was injurious to his welfare as defined by section 2-3(1)(b) of the Act. *Id.* § 2-3(l)(b).

¶ 8 The trial court then held a dispositional hearing. Elizabeth Mickna, the caseworker for Children's Home, affirmed that respondent had been found unfit in her other juvenile case. She stated that case was currently open for court-involved coparenting. There were no allegations pending against the father. DCFS determined both parents were unfounded for medical neglect. Mickna said respondent had completed all services in her other case, and no services were recommended.

¶ 9 The court admitted into evidence the State's exhibits No. 1 and No. 2, police reports dated September 3, 2021, and August 23, 2021, respectively, involving both parents. The State asked the court to take judicial notice of case No. 21-JA-113, specifically the findings in the last hearing regarding permanency. Father's counsel asked the court to take judicial notice of the parenting plan filed June 12, 2020, in case No. 17-F-132 showing the parenting time. Counsel also asked the court to take judicial notice of the July 1, 2011, modification order in case No. 21-OP-438, stating that beginning July 11, 2021, the parties shall abide by the parenting plan entered June 12, 2020. The court took judicial notice as requested.

¶ 10 Following arguments, the trial court found it was in the best interest of the minor that he be made a ward of the court. The court found that "the mother is unfit as suggested by the State and consistent with my findings in an earlier case considered by me today." It found the father fit, placing guardianship and custody of the minor with the father. In its written order filed on October 19, 2021, the court granted the amended petition. The court found respondent had not completed services in case No. 21-JA-113 and was using Kratom.

¶ 11　　　　On November 19, 2021, respondent filed a notice of appeal, and the court appointed counsel for her. Counsel filed an unopposed motion to file a late notice of appeal on December 3, 2021, which this court granted; counsel filed the late notice of appeal on December 6.

¶ 12　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　Respondent argues that the trial court's dispositional order finding her unfit and making the minor a ward of the court was against the manifest weight of the evidence. Initially, the State argues respondent has forfeited review of the portion of the court's order making the minor a ward of the court, as she failed to make an argument on this claim in her brief. We agree. "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). " 'An issue that is merely listed or included in a vague allegation of error is not "argued" and will not satisfy the requirements of the rule.' " *People v. Nere*, 2018 IL 122566, ¶ 25 (quoting *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010)).

¶ 14　　　　Respondent argues that the trial court misapprehended the facts regarding her drug use and asks us to find the court's dispositional order against the manifest weight of the evidence. The State submits the trial court's finding that respondent is unfit was not against the manifest weight of the evidence. We will reverse a trial court's dispositional determination if its findings of fact are against the manifest weight of the evidence, or if the court abused its discretion by selecting an inappropriate dispositional order. *In re M.M.*, 2015 IL App (3d) 130856, ¶ 11 (citing *In re K.L.S.-P.*, 381 Ill. App. 3d 194, 195 (2008)). The proceedings in the instant case are governed by the Act. 705 ILCS 405/1-1 *et seq.* (West 2020). Under the Act, the trial court must first hold an adjudication hearing wherein it must determine whether a minor is abused, neglected or dependent based on evidence presented. *In re Zion M.*, 2015 IL App (1st) 151119, ¶ 23 (citing *In re Jay H.*, 395 Ill. App. 3d 1063, 1068 (2009), *In re Arthur H.*, 212 Ill. 2d 441, 467 (2004)).

¶ 15    If the trial court determines the minor is abused, neglected, or dependent, the court must hold a dispositional hearing. *In re D.S.*, 2018 IL App (3d) 170319, ¶ 13.

> " 'At this hearing, the court must first determine whether the minor is to be made a ward of the court. [Citation.] Only after a finding that the minor should be made a ward of the court can the court issue a dispositional order affecting the future conduct of the parents. [Citation.] Likewise, the court's consideration of the need for guardianship and whether a parent is dispositionally unfit must be preceded by the court's finding that it is in the best interest of the minor to become a ward of the court. [Citation.]' " *Id.* (quoting *In re C.L.*, 384 Ill. App. 3d 689, 693 (2008), citing 705 ILCS 405/2-22(1), 2-23(1), 2-27(1)(a) (West 2006)).

Once the court makes a minor a ward of the court, it must then determine the proper disposition. *Id.* ¶ 17 (citing 705 ILCS 405/2-22(1) (West 2016)). "The overriding concern is the best interest of the child." *Id.* (citing *In re M.P.*, 408 Ill. App. 3d 1070, 1073 (2011)). The standard of proof applied at a dispositional hearing is a preponderance of the evidence. *In re Ryan B.*, 367 Ill. App. 3d 517, 520 (2006) (citing *In re April C.*, 326 Ill. App. 3d 245 (2001)). Under this standard, the State must establish the allegations are more probably true than not. *In re Davon H.*, 2015 IL App (1st) 150926, ¶ 47 (citing *Arthur H.*, 212 Ill. 2d at 464, *In re N.B.*, 191 Ill. 2d 338, 343 (2000)).

¶ 16    Both parties observe the assessment has a date of "08/05/21" on the bottom of each page, but it shows respondent's last reported use of Kratom on September 15, 2021. Respondent speculates that the date of the assessment was August 5, 2021, that the September 15 date of her last use of Kratom is a typographical error, and that it should read July 15, 2021. The State argues the September 15 date is correct, and the date at the bottom of each page is the date of the version

of the form. We will not engage in speculation. *In re Marriage of Graham*, 2021 IL App (3d) 200476, ¶ 16. Moreover, respondent did not raise this argument below and obtain a clarification of the date she last used Kratom. "Arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal." *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 24 (citing *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006)). Therefore, respondent forfeited any argument as to the date of her last use of Kratom. Regardless, the assessment indicates on three different pages that respondent last used Kratom on September 15, 2021, one month before the October 19, 2021, dispositional hearing.

¶ 17 Respondent argues that the trial court's finding she did not complete services in case No. 21-JA-113 is contradicted by caseworker Mickna's "testimony"[2] that she had completed services in her other case and no other services were recommended. Mickna was not sworn as a witness, and the dispositional report shows respondent had been ordered to complete services in case No. 21-JA-113. Court-ordered services included domestic violence classes, individual counseling, and random drug drops. Noncourt-ordered services included parenting classes, a substance abuse assessment, and coparenting classes. The caseworker had not yet obtained a start date for the domestic violence classes. Respondent completed the course work for a parenting class but had not taken the test for completion. The caseworker had not yet received a copy of respondent's October 4, 2021, mental-health assessment, but respondent was engaged in individual counseling and "DBT group." Between July 16, 2021, and September 23, 2021, respondent tested negative for alcohol and drugs but failed to appear for the July 29 drop. Respondent completed a substance abuse assessment, and she was "completing IOP" due to her use of Kratom and cannabis.

---

[2]"Testimony is defined as 'evidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition.' " *US Bank Trust, N.A. as Trustee for LSF11 Master Participation Trust v. Burnett*, 2021 IL App (1st) 210135, ¶ 53 (quoting Black's Law Dictionary (11th ed. 2019)).

Respondent had not yet been referred for coparenting counseling. The caseworker reported that respondent was continuing services through her foster care case.

¶ 18    The State asked the trial court to take judicial notice of case No. 21-JA-113, specifically its findings in the last hearing regarding permanency, and it did so. Mickna affirmed respondent had been found "unfit in her other case." She stated, "[o]ur case is currently opened for co-parenting for court involved ***." The trial court specifically found respondent unfit "consistent with my findings in an earlier case *considered by me today*." (Emphasis added.) Case No. 21-JA-113 is the only other juvenile case of record that respondent was then involved in.

¶ 19    As the State notes, respondent has not provided the record in case No. 21-JA-113 as part of the record in this appeal. "It is well settled that 'an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error.' " *People v. Colasurdo*, 2020 IL App (3d) 190356, ¶ 39 (quoting *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "Any doubts arising from the incompleteness of the appellate record must be construed against the appellant." *Id.* (citing *Foutch*, 99 Ill. 2d at 392). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. In the absence of a record to the contrary, we find the trial court's determination that respondent is dispositionally unfit is not against the manifest weight of the evidence. We hold that the trial court did not abuse its discretion in issuing the dispositional order in the instant case.

¶ 20                              III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 22    Affirmed.