2015 IL App (2d) 140252
No. 2-14-0252
Opinion filed April 8, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| PETER GAKUBA, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Petitioner-Appellant, | ) | |
| | ) | No. 13-OP-2500 |
| v. | ) | |
| | ) | Honorable |
| KATE C. KURTZ, | ) | John H. Young and |
| | ) | Gwyn Gulley, |
| Respondent-Appellee. | ) | Judges, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Burke and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    *Pro se* petitioner, Peter Gakuba, filed a verified petition, pursuant to the Stalking No Contact Order Act (Act) (740 ILCS 21/1 *et seq.* (West 2010)), against respondent, Kate C. Kurtz, the assistant State's Attorney who was prosecuting petitioner for three counts of aggravated criminal sexual abuse.  The trial court dismissed the petition.  Petitioner timely appealed and raises the following issues:  (1) whether the trial court erred in dismissing the petition without allowing petitioner to present evidence; (2) whether the trial court erred in sealing the record; and (3) whether the trial court erred in denying petitioner's motion to substitute judges.  Respondent argues that we should strike petitioner's brief and dismiss the appeal, based on petitioner's failure to comply with supreme court rules.  Respondent also argues that sanctions

should be imposed on petitioner for filing a frivolous appeal. For the reasons that follow, we reject petitioner's arguments, as they are either forfeited or unsupported by the record. Further, though we decline respondent's invitation to strike petitioner's brief and dismiss the appeal, we grant respondent's request for sanctions.

¶ 2                                    I. BACKGROUND

¶ 3     The petition, filed on November 25, 2013, alleged, in pertinent part, the following: (1) respondent told an investigator with the Winnebago County State's Attorney's office that petitioner was harassing her and, on July 23, 2013, when respondent was at the courthouse in Rockford, the investigator approached petitioner and told petitioner that he wanted to speak with him; (2) on July 23, 2013, respondent was in an elevator at the courthouse with petitioner, and respondent "menance[d] [him] with stares and huffs, before leaving"; (3) on November 4, 2006, respondent "supervised a criminal investigation resulting in a warrantless home invasion into [petitioner's] lawfully and privately occupied Marriott hotel room"; and (4) on November 5, 2006, respondent "ordered Ill. state police to commit residential burglary into [petitoner's] Alpine Inn room." Petitioner asked that respondent be disqualified from prosecuting the criminal case against him.

¶ 4     Following an emergency hearing, which took place on November 25, 2013, the trial court (Judge John H. Young) entered an order denying emergency relief, finding that "no emergency circumstances" and "no course of conduct under statute" had been demonstrated. A plenary hearing was set for December 16, 2013.

¶ 5     On November 26, 2013, Judge Young entered an order sealing the case file.

¶ 6     On November 27, 2013, respondent's counsel entered his appearance, and respondent moved to dismiss the petition and strike the hearing date. Respondent argued that, because the

court found, at the emergency hearing on the petition, that no course of conduct had been alleged or demonstrated, the matter should be dismissed. On December 2, 2013, the trial court (Judge Gwyn Gulley) granted the motion, dismissing the petition and striking the hearing.

¶ 7     On December 6, 2013, petitioner filed a motion for reconsideration of the dismissal and an amended motion to unseal the case file.

¶ 8     On December 16, 2013, petitioner moved for the substitution for cause of Judges Young and Gulley. Each judge filed an affidavit in response to the motion. On January 14, 2014, Judge Joseph G. McGraw denied the motion for substitution.

¶ 9     On February 24, 2014, Judge Gulley denied petitioner's motion for reconsideration of the dismissal.

¶ 10     On February 25, 2014, respondent filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013), arguing, *inter alia*, that the purpose of the petition was to harass respondent and to unduly delay litigation in that it sought to remove respondent as the prosecutor in his criminal case.

¶ 11     On March 7, 2014, the trial court denied petitioner's motion to unseal the case file, specifically finding that "allegations of contact between Judge Young and Respondent/Counsel are false." The trial court denied various other motions, not related to the present appeal, filed by petitioner, and it granted respondent's motion for sanctions.

¶ 12     Petitioner timely appealed.

¶ 13                                   II. ANALYSIS

¶ 14                     A. Respondent's Motion to Strike Petitioner's Brief

¶ 15     We struck petitioner's initial brief, on respondent's motion, for failing to comply in numerous respects with Illinois Supreme Court Rule 341 (eff. Feb. 6, 2013), and we granted

petitioner leave to refile. He did. Respondent now moves to strike petitioner's newly filed brief, arguing that petitioner again failed to comply with Rule 341. Respondent argues that petitioner's statement of facts violates Rule 341(h)(6), in that it is "replete with argument and comment, and cites various 'facts' which are not contained in the record." Respondent also argues that petitioner's introduction violates Rule 341(h)(2), in that it contains "numerous inflammatory allegations." Although respondent is correct in her claims, we decline to strike petitioner's brief in its entirety and dismiss the appeal; instead, we disregard any inappropriate or unsupported material and any argument contained in those sections. See *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 10 n.4. We turn now to petitioner's arguments.

¶ 16                                  B. Dismissal of the Petition

¶ 17    Petitioner argues that the trial court erred in dismissing his petition without allowing him to present his evidence. According to petitioner, he was denied "his federal and state constitutional rights to having full and free access to the courts of law in Illinois."

¶ 18    The record makes clear that the trial court dismissed the petition, following an emergency hearing, for failing to plead a course of conduct as required under the Act. See 740 ILCS 21/5, 10 (West 2012). Nevertheless, petitioner argues that he was "entitled to have his day in court."

¶ 19    As respondent notes, petitioner's argument seems to be that a plenary hearing was warranted, despite the trial court's finding that no course of conduct had been demonstrated by the petition. However, petitioner has forfeited this argument by failing to cite supporting authority. He has likewise forfeited any argument that can be gleaned from his brief as to whether he adequately alleged a course of conduct. Rule 341(h)(7) requires an appellant's brief to contain argument supported by citations of the authorities and the pages of the record relied

on. "A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue." *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Where an appellant has failed to support his or her arguments with citations to authority, this court will not research the issues on the appellant's behalf. See *id.* (noting that this court "is not a depository in which the appellant may dump the burden of argument and research" (internal quotation marks omitted)); *Skidis v. Industrial Comm'n*, 309 Ill. App. 3d 720, 724 (1999) ("[T]his court will not become the advocate for, as well as the judge of, points an appellant seeks to raise."). Here, the only cases petitioner cites are to establish a standard of review and to support a tangential argument that "[w]itness credibility vouching *** when it occurs by a *** jurist *** is structural error." Because he has failed to cite relevant authority, petitioner has forfeited these arguments.

¶ 20                                    C. Sealing of the Record

¶ 21    Petitioner next argues that the trial court erred in sealing the record. "[A]lthough there is a presumption favoring public access to judicial records, a court, in its sound discretion, may impound records if it is shown that the interests asserted for restricting access outweigh those in support of access." *Doe v. Carlson*, 250 Ill. App. 3d 570, 574 (1993). We first note that petitioner maintains that the record was sealed on respondent's motion and that petitioner did not receive notice of the motion. But no motion was ever filed. The only support for petitioner's claim that respondent moved to seal the record are the words "motion for seal" written on the bottom of an undated and unsigned notice filed on November 26, 2013. However, the record does not establish that a motion to seal was filed by respondent. Indeed, the record indicates that respondent was not present at the initial hearing on the petition on November 25, 2013, and that counsel for respondent did not file his appearance until November 27, 2013.

¶ 22    In addition, we are unable to review the propriety of the trial court's order sealing the record, because we do not know its basis.  The order sealing the record does not contain the basis.  Although petitioner maintains that the trial court provided its reasoning at the March 7, 2014, hearing on petitioner's motion to unseal the record and that such reasoning was "fanciful," petitioner has failed to provide this court with a transcript from that hearing or an appropriate substitute, such as a bystander's report or an agreed statement of facts.  See Ill. S. Ct. R. 323(c), (d) (eff. Dec. 13, 2005).  "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.  Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."  *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  In the absence of a complete record, especially when the abuse-of-discretion standard applies, we presume that the trial court acted properly.  See *id*. at 392.  Because we do not know the basis of the court's order sealing the record, we presume that it was proper.

¶ 23                          D. Motion to Substitute Judges

¶ 24    Finally, petitioner argues that the trial court erred in denying his motion to substitute judges.  "A reviewing court will not reverse a determination on allegations of judicial prejudice unless the finding is contrary to the manifest weight of the evidence."  *Jacobs v. Union Pacific R.R. Co.*, 291 Ill. App. 3d 239, 244 (1997).  Petitioner's motion to substitute judges was transferred to Judge McGraw for consideration.  The record reveals that petitioner, respondent, counsel for respondent, and a court reporter appeared at the January 14, 2014, hearing on the motion.  However, once again, petitioner has failed to provide us with a transcript from the

hearing or an appropriate substitute. See Ill. S. Ct. R. 323 (eff. Dec. 13, 2005). Thus, there is no basis for holding that the trial court's ruling was against the manifest weight of the evidence.

¶ 25                              E. Respondent's Motion for Sanctions

¶ 26     Respondent asks this court to impose sanctions on petitioner under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Petitioner makes no counterargument. Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if:

> "it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose." *Id.*

"The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us." *Fraser v. Jackson*, 2014 IL App (2d) 130283, ¶ 51. Imposition of sanctions under Rule 375(b) is left strictly to our discretion. *Fields v. Lake Hillcrest Corp.*, 335 Ill. App. 3d 457, 466 (2002).

¶ 27     Viewing this appeal as a whole, we conclude that petitioner filed the appeal so that he could continue to harass respondent and interfere with the criminal prosecution against him. Accordingly, we find that sanctions are warranted. We direct respondent to file within 14 days a statement of reasonable expenses and attorney fees incurred as a result of this appeal, as well as the proper recipient of the award. Petitioner shall have seven days to file a response. This court will then file a supplemental opinion determining the sanctions that will be imposed upon petitioner.

¶ 28                                     III. CONCLUSION

¶ 29     For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 30    Affirmed.