2022 IL App (1st) 211284-U

No. 1-21-1284

Order filed December 21, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ORLANDO OWENS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 5029 |
| | ) | |
| ILLINOIS STATE POLICE and COOK COUNTY STATE'S ATTORNEY, | ) | |
| | ) | Honorable |
| | ) | Pamela McLean Meyerson, |
| Respondents-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE McBRIDE delivered the judgment of the court.
Justices Burke and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's decision denying petitioner relief from the Illinois State Police's denial of his application for a Firearm Owners Identification card where petitioner failed to provide a sufficient record of the proceedings on appeal.

¶ 2    Petitioner Orlando Owens appeals from a circuit court order, entered after an evidentiary hearing, denying him relief from the Illinois State Police's (ISP) denial of his application for a Firearm Owners Identification (FOID) card. On appeal, he argues that the court erred in denying

his petition because he has not engaged in criminal activity for 22 years. Because petitioner failed to provide this court with a sufficient record of proceedings, we affirm.

¶ 3     On January 16, 2020, petitioner applied to ISP for a FOID card and concealed carry license (CCL). On the applications, he denied that he had ever been found guilty of a felony or convicted of domestic battery. The Chicago Police Department objected to his application for a CCL "based upon a reasonable suspicion" that he was "a danger to himself or others or a threat to public safety." The department attached an incident report showing that, in 2019, petitioner's ex-wife reported that he entered her business and threatened to kill her. She told him not to come back, but two weeks later he returned and argued with her husband. He had followed and harassed her for "several years." A detective requested the investigation be suspended when he could not contact petitioner's ex-wife. The department also attached petitioner's criminal history report showing he was convicted of misdemeanor domestic battery in 1999, felony burglary in 1985, and misdemeanor criminal damage to property in 1983.

¶ 4     On June 3, 2020, ISP denied petitioner's application for a FOID card. In doing so, ISP informed petitioner that his 1985 felony conviction prohibited him from possessing a firearm under section 922(g)(1) of the federal Gun Control Act of 1968 (18 U.S.C. § 922(g)(1) (2018)) and section 8(c) of the FOID Card Act (430 ILCS 65/8(c) (West 2020)). Additionally, petitioner's 1999 misdemeanor domestic battery conviction prohibited him from possessing a firearm under section 922(g)(9) of the Gun Control Act (18 U.S.C. § 922(g)(9) (2018)) and section 8(*l*) of the FOID Card Act (430 ILCS 65/8(*l*) (West 2020)). ISP also denied his application for a CCL on the ground that he was ineligible for a FOID card.[1]

_____

[1] The denial of petitioner's application for a CCL is not at issue in this appeal.

¶ 5        On July 20, 2020, petitioner filed a *pro se* petition in the circuit court, pursuant to section 10(c) of the FOID Card Act (*id.* § 10(c)), seeking relief from ISP's decision to deny him a FOID card. He explained that he had been hired as an armed security officer but could not begin without a FOID card. He alleged that his domestic battery conviction had been "expunge[d]/seal[ed]." He also attached documents showing that his domestic battery, burglary, and criminal damage to property convictions had been sealed and impounded.

¶ 6        ISP filed an objection to defendant's petition, arguing that it should be denied as he failed to serve the State's Attorney's Office (SAO), as required by section 10(c)(0.05) of the FOID Card Act (*id.* § 10(c)(0.05)). ISP also argued, among other things, that he failed to satisfy section 10(c)(2) of the FOID Card Act (*id.* § 10(c)(2)), as his criminal history "evince[d] a consistent pattern of criminal activity and bad acts against intimate partners," showing his danger to public safety; he lied on his application that he had not been convicted of a felony; and he had not submitted sufficient evidence that he was rehabilitated. ISP further asserted that he failed to satisfy section 10(c)(3) (*id.* § 10(c)(3)), as granting him a FOID card would contradict the public interest given his "repeated interactions with law enforcement as a result of actions that harm the welfare of the State and its people."

¶ 7        The circuit court granted petitioner leave to amend his petition to add the State's Attorney as a defendant, and SAO also filed an objection to the petition. SAO accepted that petitioner's burglary and domestic battery convictions had been expunged and did not disqualify him for a FOID card.[2] However, SAO asserted that granting petitioner a FOID card would contradict the

---

[2] As noted *supra*, in ¶ 5, those convictions were sealed. They were not expunged.

public interest given the nature of his convictions, including domestic battery, and would threaten public safety.

¶ 8 On September 7, 2021, the circuit court issued a written order denying the petition and leaving in place ISP's order denying petitioner's application for a FOID card. In the order, the court noted that it had held an evidentiary hearing that day and summarized petitioner's testimony. According to the order, petitioner testified that he was employed as a laborer but was not actively working. Petitioner had been offered a position as a watchman or security guard, "for which he 'assumes' he needs to be able to carry a gun." Petitioner acknowledged his past mistakes but testified he was a law-abiding citizen and wanted to support his children. On cross-examination, petitioner initially denied the domestic battery conviction, then acknowledged that the record showed a domestic battery conviction but stated he did not remember pleading guilty to that charge. Petitioner did not intentionally misstate on his application that he had not been convicted of a felony, as he believed the convictions "would be expunged by then." The court noted that his 1985 and 1999 convictions had been sealed but not expunged.

¶ 9 The court further noted that petitioner called no witnesses besides himself and offered no exhibits. Petitioner had previously provided character letters to the court via email but he did not offer them into evidence. Moreover, the letters "did not address why the writers felt [he] would be able to satisfy the significant responsibilities of gun ownership" and "did not mention gun ownership at all," and therefore, they would not have met petitioner's burden of proof.

¶ 10 The court wrote that it was "encouraged" that petitioner had maintained a clean record for the past 20 years. Nevertheless, the court found that petitioner presented insufficient evidence to assess whether he was unlikely to endanger public safety. The court noted petitioner "did nothing

to explain" his ex-wife's 2019 accusation that he threatened to kill her. The court found that"substantial justice" had been done and that petitioner did not meet his burden under section 10(c) "to show that issuing him a FOID card would not be contrary to the public interest." It denied his petition. Petitioner filed a timely notice of appeal.

¶ 11　On appeal, petitioner contends that the court improperly denied him relief as he had been rehabilitated since his convictions. He argues that, as a productive and rehabilitated citizen, the denial of a FOID card violates his constitutional rights. Regarding the 2019 incident with his ex-wife, he alleges that ISP's incident report did not reflect that he "was not the defendant but the [p]laintiff" in that incident, that petitioner was not arrested, and that his ex-wife's husband had physically assaulted him. Petitioner acknowledges that his character letters were not entered into evidence but notes that he emailed them to the court.

¶ 12　The FOID Card Act provides that a circuit court may grant relief to a petitioner whose application for a FOID card has been denied if the petitioner establishes "to the court's *** satisfaction" that:

> "(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

> (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

> (3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law." 430 ILCS 65/10(c)(1)-(4) (West 2020).

¶ 13 Here, the circuit court determined after an evidentiary hearing that defendant failed to establish to the court's satisfaction that granting him a FOID card would not be contrary to the public interest. *Id.* § 10(c)(3). We review that determination for an abuse of discretion. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶¶ 37-41. A circuit court abuses its discretion when its ruling is "arbitrary, fanciful, or one that no reasonable person would make." *Id.* ¶ 41.

¶ 14 We initially note that Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to contain argument supported by citations to the authorities and pages of the record relied on. Failing to cite relevant authority violates that rule and may result in forfeiture of the issue. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Moreover, we may strike a brief that fails to comply with Rule 341 and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. The appellant's brief must also concisely state the applicable standard of review for each issue he raises and include a statement of jurisdiction. Ill. S. Ct. R. 341(h)(3), (4) (eff. Oct. 1, 2020). *Pro se* status does not relieve an appellant of the obligation to comply with our supreme court's rules governing appeals. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 15 Without outlining all the deficiencies in petitioner's *pro se* brief, we note that it is lacking as it is essentially an informal letter to this court. It contains several citations to statutes at issue, but the bulk of the brief comprises arguments devoid of citations to the record or relevant authorities. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Nor does it set out the standard of review or contain a statement of jurisdiction. Ill. S. Ct. R. 341(h)(3), (4) (eff. Oct. 1, 2020). We may dismiss

the appeal on that basis. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. Nevertheless, ISP and SAO have provided cogent response briefs and petitioner makes clear he is challenging the circuit court's order denying him relief from ISP's decision. We may therefore entertain his appeal despite any insufficiencies in his brief. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (insufficiency of *pro se* brief does not preclude review where we understand the issue and the other party has filed a cogent brief).

¶ 16    However, we agree with ISP and SAO that petitioner has forfeited his argument that denying him a FOID card violates his constitutional rights. "It is well settled in Illinois that an appellant who fails to raise an issue before the trial court forfeits the issue and may not raise it for the first time on appeal." (Internal quotation marks omitted.) *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 58. Petitioner did not argue in his petition to the circuit court that ISP's denial violates his constitutional rights. He therefore may not raise that argument for the first time in this court. *Id.* Moreover, he does not develop the argument or support it with citations to the record or relevant law. It is therefore forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 17    That said, we may not overlook the deficiency of the record on appeal, which lacks a report of proceedings, including a transcript of the evidentiary hearing or any acceptable substitute. In their response briefs, ISP and SAO argue that, as the record on appeal lacks a transcript of the evidentiary hearing, petitioner has failed to provide this court with a sufficient record to review the circuit court's judgment. We agree that meaningful review is precluded where petitioner has not provided a report of proceedings or acceptable substitute.

¶ 18    The appellant "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). The appellant

is to submit as part of the record on appeal any report of proceedings (Ill. S. Ct. R. 321 (eff. Oct. 1, 2021)) containing transcripts he wishes to be included in the record (Ill. S. Ct. R. 323(a) (eff. July 1, 2017)). The report of proceedings should include "all the evidence pertinent to the issues on appeal," such as "oral rulings of the trial judge." *Id.* In lieu of a transcript, the appellant may file a bystander's report or agreed statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017); *Nunez v. C&C Investments of Chicago, LLC*, 2022 IL App (1st) 211423, ¶ 33.

¶ 19    Without a sufficient record, we must presume that the trial court's order conformed with the law and had sufficient factual basis. *Foutch*, 99 Ill. 2d at 392; see also *Evans*, 2021 IL 125513, ¶ 38 ("[W]ere we to presume that an evidentiary hearing occurred but that we lacked a transcript of the hearing, *Foutch* dictates that we would simply presume the trial court's order was in conformity with the law and had a sufficient factual basis."). Moreover, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392. We will "especially" presume the trial court acted properly where the record is incomplete and the appeal presents an issue which we review for an abuse of discretion. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22.

¶ 20    Petitioner has not submitted a report of proceedings, bystander's report, or agreed statement of facts as part of the record on appeal. In its written order, the circuit court noted that, at the evidentiary hearing, petitioner "did nothing to explain" his ex-wife's 2019 accusation. The court found that there was "little evidence" to assess whether petitioner was unlikely to endanger public safety. As the court's decision rested on the evidence at the evidentiary hearing, including petitioner's testimony, a record of that hearing is necessary for this court to review whether the circuit court abused its discretion. See *id.* (Without a sufficient record, we presume that the trial

court acted properly, "especially" when reviewing for an abuse of discretion). By failing to provide that record, petitioner has not presented a record sufficient for us to review whether the circuit court fully and accurately summarized the evidence, and we must presume the court's decision was proper.

¶ 21　We recognize that petitioner is acting *pro se* in this appeal, and that there is no evidence he was represented by counsel in the circuit court. However, *pro se* litigants are presumed to know any applicable rules and procedures. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Accordingly, as defendant failed to provide a transcript of the evidentiary hearing or acceptable substitute, we must presume that the circuit court's order conformed with the law and had sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92; *Evans*, 2021 IL 125513, ¶ 38. We therefore affirm the circuit court's judgment.

¶ 22　For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23　Affirmed.