NOTICE

Decision filed 02/18/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230471-U

NO. 5-23-0471

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| JANETTE ZINKAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-SC-1434 |
| | ) | |
| KRONES CONCRETE, | ) | Honorable |
| | ) | Julia R. Gomric, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order awarding the plaintiff $6,000 plus court costs following a bench trial on her small claims complaint is affirmed where the court's findings were not against the manifest weight of the evidence.

¶ 2    The plaintiff, Janette Zinkan, filed a small claims action against the defendant, Krones Concrete, claiming that she suffered damages resulting from the defendant's removal and replacement of her driveway. Following a bench trial, the circuit court of St. Clair County entered judgment in the plaintiff's favor. The defendant appeals. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    On August 4, 2022, the plaintiff filed a small claims complaint against the defendant. In the complaint, she alleged that the defendant was hired to remove and replace the old driveway at her residence, and the work was completed on or about May 6, 2021. However, in February 2022,

1

she observed that the top layer of the concrete began to "flake off, from 1/4 to 1/8 of an inch, throughout the entire driveway." Although Adam Kronenberger, the owner of Krones Concrete, was told about the issue, he refused to fix or acknowledge the problem. The plaintiff alleged that the defendant's employees negligently and improperly laid and inadequately prepared the fresh cement for the driveway. She also argued that the deterioration of the concrete made the driveway "unsightly" and diminished the residence's property value. She sought $6,000 in damages, which represented the amount that she paid for the work.

¶ 5    On October 17, 2022, the defendant filed an answer and affirmative defenses, alleging that the plaintiff's claimed damages were caused, in whole or in part, by her own negligence.

¶ 6    At the March 21, 2023, bench trial, the following evidence was presented. The plaintiff testified that she was 86 years old and had lived in the same residence since 1973. The driveway she sought to replace was the residence's original driveway laid in 1957 and was deteriorating. She explained that she wanted the driveway replaced for cosmetic reasons and in case she wanted to sell her house. Her son hired the defendant to replace the driveway, and the work was completed on March 9, 2021. There was no written agreement between the plaintiff and the defendant. After the work was completed, she wrote the defendant a check for $6,000. She noted that, in the beginning, the driveway looked beautiful. However, in February 2022, she noticed that the top layer had begun to "crumble and then it just gradually crumbled." She explained that it "went from one end of the driveway to the other"; it started in a small area but continued to spread and crumble until most of the driveway was in that condition. She noted that it "flake[d] off" if touched. She testified that no chemicals, such as salt or de-icer, had been put on the driveway.

¶ 7    Once she noticed the problem, the plaintiff contacted the defendant. The defendant had someone look at the driveway, and the defendant told her that it was not his fault, that it was the

2

company that supplied the concrete, and that she would have to contact them. The defendant never offered to repair the driveway or to refund her money for the damage. The plaintiff noted that the damage was very visible. She testified that she was not told that the driveway needed to be sealed, and she never declined to have it sealed.

¶ 8    On cross-examination, the plaintiff noted that she did not have any interaction with the defendant's employees when the driveway was laid because her son handled everything. She assumed that her son talked to the workers while they were there. She did not remember whether her son had ever told her that the driveway needed to be sealed. She believed that "they said they would seal it later, not immediately but that never happened," but she could not remember. However, she noted that, if she was told that it needed to be sealed, she would have had them do it. She explained that her son never told the employees not to seal the driveway because he would have asked her, and she would have told them to seal it. She never saw an invoice from the defendant, noting that her son would have taken care of that. However, when the defendant's attorney showed her an invoice, she noted that the payments listed on it were incorrect as she wrote one $6,000 check once the job was complete (not one check for a downpayment and another for the remaining balance). She also had someone from the concrete supplier company look at the driveway. She agreed that there was snow and ice between March 2021 and February 2022, that there were snowplows that plowed her street, and that she drove her vehicle in the winter. She had noticed cracking on the driveway in the last six months.

¶ 9    Kronenberger testified that he had been in the concrete business for approximately 22 years and had completed thousands of driveways. The plaintiff's son hired him to replace the plaintiff's driveway; there was no written agreement for the project. However, Kronenberger did give the plaintiff's son an invoice for the job, which was introduced into evidence. He testified that it was

important for a driveway to be sealed, and he always stressed the importance of that with his customers. He explained that, even if the homeowner did not use any salt, chemicals, or ice melt, the city used pretty harsh chemicals on the streets, and a vehicle could track those chemicals on a driveway in the winter months. He noted that this explained why the plaintiff did not have any issues with the driveway until the winter months and that the damage was very consistent with damage from ice melt, chemicals, or salt.

¶ 10    Kronenberger asked the plaintiff's son if he wanted the driveway sealed, which would have protected the driveway from the chemicals used in the winter months. However, Kronenberger also explained that it was costly and made the son aware that it was something that he could do on his own. The son did not have Kronenberger seal the driveway, and Kronenberger noted that it was obviously not done. Kronenberger noted that the flaking issue was a normal issue with driveways in Illinois because Midwest winters and the chemicals used on the roads were hard on concrete. Because of this, he stressed the importance of sealing the driveway to every homeowner. Kronenberger noted that the damage to the plaintiff's driveway was concentrated at the bottom of the driveway, which was consistent with damage caused by the harsh chemicals that salt trucks spray as they drive by. He noted that, if there was something wrong with the concrete, he would expect to see it in all the layers of concrete.

¶ 11    When the plaintiff contacted him about the damage, Kronenberger offered to power wash the driveway and seal it, but she refused. After he sent someone to look at the driveway, he concluded that there was no indication that the job was done improperly; he noted that there was no structural damage. He noted it was cosmetic damage that would have been prevented had the driveway been sealed. He also noted that the driveway could still be used.

¶ 12    On cross-examination, Kronenberger acknowledged that flaking was a possibility if there was an issue with laying the foundation or otherwise in the process. However, he noted that he had never had that problem. When he was asked when the invoice was created, he responded, "I couldn't tell you." Then, when asked if it was in the last few days, he responded, "It doesn't matter." He admitted that he did not know if the plaintiff had ever put any salt or ice melt on her driveway. He did not remember if the damage was to every section of the concrete, but he noted that, if it was, it was very minimal. He acknowledged that, once the moisture got under it, the damage would continue. He claimed that he spoke with the plaintiff about sealing the driveway.

¶ 13    On March 24, 2023, the trial court entered judgment in favor of the plaintiff, awarding her damages in the amount of $6,000 plus court costs. In the order, the court noted that the plaintiff's driveway, within eight months of being installed, had begun to crumble, as shown by the photographs that the plaintiff introduced into evidence. The court noted that she paid $6,000 in full by check on March 9, 2021, when the work was completed; she did not pay him with a check for $250 on March 5, 2021, and then a second check for $5,750 on March 16, 2021, as the defendant's unsigned invoice indicated. The court found that the plaintiff's testimony that she did not use de-icer or rock salt on the driveway at any time after it was installed was credible. The court also found that, although Kronenberger speculated that the plaintiff must have used de-icer or that municipal snow removal trucks sprayed chemicals on her driveway, neither party's testimony supported those theories.

¶ 14    On April 21, 2023, the defendant filed a motion to reconsider or for rehearing and to vacate the circuit court's judgment. In the motion, the defendant contended that the plaintiff failed to provide any evidence of proximate cause, *i.e.*, that the concrete itself was the problem. The defendant noted that, although Kronenberger provided the court with the reason why the driveway

5

flaked, the court disregarded his testimony. The defendant argued that the court's conclusion that it had "speculated" about de-icer or spraying of chemicals was "inapposite to the realities of living in the Midwest." The defendant argued that Kronenberger's testimony about the reasons for the deterioration was supported by the photographs of the driveway, which showed that the deterioration was mostly concentrated at the bottom of the driveway near the roadway. The defendant contended that the plaintiff could not explain why the flaking was more concentrated toward the end of the driveway.

¶ 15    The defendant also argued that the plaintiff failed to present any evidence as to the cost of the alleged damage or the reduction in the value of her home because of the driveway's condition. The defendant argued that neither witness at the trial gave the court any insight into whether some of the concrete could be salvaged or whether it needed to be completely removed and replaced. The defendant further argued that neither witness testified or presented evidence that the driveway did not serve its purpose, was unsafe, or was otherwise structurally deficient.

¶ 16    Moreover, the defendant noted that the plaintiff's complaint sought damages for the removal and replacement of her driveway based on negligence. However, the defendant argued that Illinois law precluded recovery of purely economic loss in a simple negligence case and required the party seeking damages for disappointed expectations to recover in contract. He noted that economic loss included loss for inadequate value; the cost to repair and replace a defective product; and the diminution in value of the product because it was of inferior quality, and it did not work for the general purposes for which it was manufactured and sold. Thus, the defendant argued, since the plaintiff was seeking the diminution of value in her residence and the costs to replace the driveway, her claimed losses were purely economic and thus not recoverable in a negligence case. Instead, she must seek damages under a contract theory.

6

¶ 17    On June 5, 2023, the trial court denied the defendant's motion to reconsider.[1] The defendant appeals.

¶ 18                                    II. ANALYSIS

¶ 19    On appeal, the defendant contends that (1) the plaintiff failed to prove proximate cause; (2) the plaintiff failed to prove her damages; (3) the plaintiff sought recovery for purely economic loss, but, under the economic loss doctrine (the *Moorman*[2] doctrine), a party cannot recover in negligence for purely economic losses; and (4) the trial court improperly denied the defendant's motion to reconsider. In response, the plaintiff argues that the defendant failed to prove its affirmative defense that the deterioration of her driveway was caused by it not being sealed and by the use of chemicals and de-icer during the winter months. She also argues that the trial court's award of damages was not against the manifest weight of the evidence. Regarding the defendant's argument on the economic loss doctrine, the plaintiff argues that she did not seek to recover pure economic loss under a negligence theory, and instead, she sought damages based on strict products liability. She argues that the defendant manufactured a product, *i.e.*, the driveway; the product was defective; and that her claim was not barred by the *Moorman* doctrine because it was based on strict products liability. Finally, she argues that the court properly denied the defendant's motion to reconsider where the court determined that the plaintiff was more reliable and believable than the defendant.

¶ 20    First, we must address the plaintiff's argument that her small claims complaint was based on strict products liability rather than negligence. In her complaint, the plaintiff alleged that the

---

[1]The plaintiff indicated, in her appellee brief, that there was a hearing on the defendant's motion to reconsider on June 5, 2023. However, no transcript of the hearing or bystander's report appears in the record on appeal.
    [2]*Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 76 (1982).

defendant negligently and improperly laid and inadequately prepared the fresh cement for the driveway, which caused the deterioration of the concrete.[3] At trial, the defendant did not argue that the plaintiff could not recover solely for economic loss under a negligence theory of recovery. This argument was not made until the defendant filed its motion to reconsider after the trial court entered judgment in the plaintiff's favor. Thus, whether the plaintiff alleged and presented sufficient evidence to prove a cause of action that would permit her to recover monetary damages for the repair and replacement of her driveway did not become an issue until after the trial.

¶ 21     Since we do not have a transcript or a bystander's report for the motion to reconsider hearing, we do not know whether the plaintiff argued, at the trial court level, that her complaint alleged strict products liability rather than negligence; and if so, the defendant's response to that claim, and how the court responded to that argument (other than that the court denied the motion to reconsider). The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22. Any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Id.*

¶ 22     We also note that the defendant here has not filed an appellant's reply brief, responding to the plaintiff's claim that her complaint was based on strict products liability. Thus, we conclude that any issue that can be raised in response to the plaintiff claiming that the small claims complaint was based on strict products liability has been forfeited. See Ill. S. Ct. R 341(h)(7) (Oct. 1, 2020) (arguments not raised in appellate brief are forfeited). Consequently, since the plaintiff argues her

---

[3]A small claims action may be commenced by filing a short and simple complaint setting forth the nature and amount of the plaintiff's claim; it is not necessary to plead all the elements that are essential to state a cause of action. *Toth v. England*, 348 Ill. App. 3d 378, 385 (2004).

small claims complaint was based on strict products liability rather than negligence, we need not address the defendant's argument that she cannot recover, in negligence, for purely economic loss.

¶ 23    Second, we will address the defendant's argument that the plaintiff failed to prove proximate causation. The standard of review when a challenge is made to a trial court's ruling following a bench trial is whether the trial court's judgment is against the manifest weight of the evidence. *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1071 (2007). A judgment is against the manifest weight of the evidence only where the opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence. *Id.*

¶ 24    For proximate cause, the plaintiff must prove that the defective product proximately caused her injuries. *Korando v. Uniroyal Goodrich Tire Co.*, 159 Ill. 2d 335, 344 (1994). Proximate cause is established if it is reasonably certain defendant's acts caused plaintiff's injury. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 2011 IL App (1st) 092860, ¶ 16. Here, the plaintiff presented evidence that she hired the defendant to replace her driveway, and approximately eight months later, the new driveway started deteriorating. She testified that the damage to the driveway began in a small area but continued to spread until most of the driveway was crumbling and flaking. She also testified that the concrete flaked off if touched and that she had noticed cracking in the last six months. Although the defendant contended that the damage to the driveway was likely the result of de-icer and other chemicals being used on the unsealed driveway and/or by the city's snow and ice removal efforts, the plaintiff testified that she had never used any of those types of products on the driveway. She also testified that the defendant never told her that the driveway needed to be sealed. Based on this evidence, the trial court entered a judgment in favor of the plaintiff. In making this decision, the court found that the plaintiff's testimony that she did not use de-icer or rock salt on the driveway at any time after it was installed

9

was credible. The court also found that, although Kronenberger speculated that the plaintiff must have used de-icer or that municipal snow removal trucks sprayed chemicals on her driveway, neither party's testimony supported those theories. The trial court is in the best position to evaluate the conduct and demeanor of the witnesses. *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 29. Thus, a reviewing court gives great deference to the trial court's credibility determinations, and we will not substitute our judgment for that of the trial court. *Id.* Consequently, we accept the court's credibility determinations and find that the court's decision was not against the manifest weight of the evidence.

¶ 25    The defendant next claims that the plaintiff failed to prove her damages, and thus, the award of damages was against the manifest weight of the evidence. Specifically, the defendant argues that the plaintiff sought the entire amount she paid for the new driveway, although the damage was merely cosmetic. The defendant also argues that the plaintiff failed to present evidence purporting to show that her home value was diminished by the condition of the driveway.

¶ 26    A plaintiff must establish a reasonable basis for computing damages. *Razor v. Hyundai Motor America*, 222 Ill. 2d 75, 107 (2006). Thus, damages must be proved with reasonable certainty and cannot be based on conjecture or speculation. *Ivey v. Transunion Rental Screening Solutions, Inc.*, 2021 IL App (1st) 200894, ¶ 62.

¶ 27    Here, as we noted above, the plaintiff testified that the damage to her driveway spread until most of the driveway was crumbling and flaking. She also testified that she paid $6,000 for the new driveway. The defendant acknowledged that she had paid $6,000 for the work when it introduced into evidence an invoice showing that $6,000 was due and paid.[4] After hearing the

[4]There was some question about the authenticity of this invoice in the trial court but that is not an issue that we need to address for the purposes of this appeal, other than to note that the trial court seemed to consider this when making its credibility determinations.

evidence presented, the trial court awarded the plaintiff the entire amount that she had paid for the new driveway plus court costs. We do not find that this decision was against the manifest weight of the evidence. See *General Motors Acceptance Corp.*, 374 Ill. App. 3d at 1071 (the standard of review when a challenge is made to a trial court's ruling following a bench trial is whether the trial court's judgment is against the manifest weight of the evidence).

¶ 28    Lastly, the defendant argues that the trial court improperly denied its motion to reconsider. The defendant contends that there were several issues brought to the trial court's attention regarding the defective judgment, but the court ignored those issues and denied the defendant its right to fundamental justice. The defendant, in its appellate brief, does not identify the specific issues that it believes resulted in a defective judgment and were ignored by the trial court. To the extent that the defendant is referencing issues not raised in its brief, we find that those issues were forfeited. See Ill. S. Ct. R 341(h)(7) (Oct. 1, 2020) (arguments not raised in appellate brief are forfeited). If the defendant is referring to the issues that were raised in its brief and that we have already addressed, we find them meritless. Moreover, we again note that we do not have a transcript or bystander's report of the hearing on the motion to reconsider. Thus, we must resolve any doubts that arise from the incompleteness of the record against the defendant (appellant). See *Gakuba*, 2015 IL App (2d) 140252, ¶ 22.

¶ 29                                  III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.


¶ 31    Affirmed.

11