2026 IL App (2d) 250316-U
No. 2-25-0316
Order filed April 7, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

MARK A. WOLFF, Plaintiff-Appellant,

v.

SCOTT EDIDIN, MARYSUE EDIDIN, ALEKSANDR KATSMAN, and BARR AGENCY, INC.

(Scott Edidin and Marysue Edidin, Defendants-Appellees).

Appeal from the Circuit Court of Lake County.
Honorable Charles W. Smith and Honorable Michael B. Betar, Judges, Presiding.
No. 23-LA-298

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court correctly applied the merger doctrine to the parties' real estate contract, and the record is insufficient to review plaintiff's claims that the court improperly managed the case or erred in awarding defendants attorney fees.

¶ 2    Plaintiff, Mark A. Wolff, appeals the orders of the circuit court of Lake County granting judgment on the pleadings for defendants, Scott and Marysue Edidin, and awarding them attorney fees. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On March 12, 2024, plaintiff filed his first amended complaint. He alleged that, on May 4, 2021, he offered to purchase defendants' home for $420,000. Defendants, however, agreed only to "a purchase price of $10,000[] more than the [p]roperty's appraised value, up to a maximum of $425,000[.]" Defendants' real estate agent advised the parties that, based on his experience selling comparable homes, the property would appraise at approximately $410,000. Plaintiff noted the estimate, recognizing a potential windfall if the property were appraised below that amount.

¶ 5     On May 4, 2021, plaintiff agreed to the arrangement and submitted a second "offer" specifying a purchase price of $10,000.00 more than the property's appraised value, to be capped at $425,000. For the sake of expedience, defendants elected to proceed with a desk appraisal rather than an in-person inspection.

¶ 6     On May 23, 2021, the property was appraised at $380,000. Pursuant to his second offer, plaintiff sent defendants a "[s]econd [a]ddendum" setting the purchase price at $390,000. Defendants rejected the addendum and, on May 27, 2021, purportedly "threatened to terminate" the agreement to sell the property. Following negotiations, plaintiff's lender authorized a second, in-person appraisal, which plaintiff alleged was "subject to bias and [d]efendants' undue influence." On June 10, 2021, the property was appraised at $405,000.

¶ 7     Based on this appraisal, plaintiff sent defendants another addendum amending the purchase price to $415,000. Defendants refused to sign the addendum, however, and presented plaintiff with two options: (1) immediately purchase the property for $425,000; or (2) wait until September 2021 to purchase the home for $419,000. On June 17, 2021, plaintiff informed defendants that "he would be closing the transaction under protest for a purchase price of $425,000[.]" On June 30, 2021, the

parties closed the sale. The final agreement, which sets the purchase price at $425,000, was attached to the amended complaint.

¶ 8    Plaintiff argued that, by failing to sell him the property for $390,000 following the initial desk appraisal, he was now entitled to $35,000 in damages, representing the difference between this amount and the $425,000 he ultimately paid for the home.

¶ 9    On May 16, 2024, defendants filed a combined motion to dismiss plaintiff's amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)), arguing that the merger doctrine barred plaintiff from recovering any damages as a result of any purported breach, and that, regardless, plaintiff failed to allege that defendants breached any agreement. Defendants' combined motion was unsupported by any exhibits. On September 5, 2024, the trial court entered an order denying defendant's combined motion, but "without prejudice to their right to assert the doctrine of merger by way of an affirmative defense."

¶ 10    On October 22, 2024, defendants filed their answer and raised the merger doctrine as an affirmative defense, arguing that the final sales deed represented the parties' only enforceable instrument after closing.

¶ 11    On October 30, 2024, defendants also filed their motion for judgment on the pleadings pursuant to section 2-615(e) of the Code (*id.* § 615(e)). In it, defendants argued they were titled to judgment as a matter of law because any of the parties' earlier agreements had merged into the deed at closing, leaving them unenforceable. Thus, defendant was never entitled to purchase the home for $390,000.

¶ 12    On October 31, 2024, the matter was reassigned from the Honorable Charles W. Smith to the Honorable Michael B. Betar.

¶ 13    On January 13, 2025, plaintiff responded to defendants' motion for judgment on the pleadings, arguing the motion must be denied because the merger doctrine necessarily assumes facts not contained within the pleadings. Additionally, plaintiff argued that judgment was inappropriate because defendants' answer created issues of material fact, and that defendants otherwise did not establish the application of merger by deed.

¶ 14    On January 13, 2025, plaintiff sought an extension of time to respond to defendants' affirmative defenses, arguing that his failure to do so had been "an oversight and/or clerical error." The record does not reveal that plaintiff pursued the motion any further.

¶ 15    On March 7, 2025, the trial court granted defendants' motion for judgment on the pleadings. The record does not contain any transcripts underlying the court's decision. On March 27, 2025, defendants petitioned for fees and costs pursuant to a fee-shifting provision in the parties' sale agreement. Defendants accompanied their petition with an affidavit reflecting $16,368 in total costs. On April 7, 2025, plaintiff filed a motion for the court to reconsider its March 7, 2025, order.

¶ 16    On June 27, 2025, the court entered an order denying plaintiffs motion to reconsider and granting defendants' $16,368 in attorney fees and costs. Plaintiff timely appeals.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, plaintiff argues that the court erred in granting defendants' judgment on the pleadings. Additionally, he contends that the circuit court abused its authority in reversing prior interlocutory rulings and in granting defendants' petition for attorney fees and costs. We address these contentions in turn.

¶ 19                            A. Judgment on the Pleadings

¶ 20    First, the trial court did not err in granting defendants' motion for judgment on the pleadings. Section 2-615(e) of the Code provides that "[a]ny party may seasonably move for

judgment on the pleadings." *Id.* A court should only award judgment on the pleadings where the filings reveal no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *LM Insurance Co. v. City of Sycamore*, 2023 IL App (2d) 220234, ¶ 15. A court resolving a motion for judgment on the pleadings should only consider facts apparent from the pleadings, matters subject to judicial notice, and any judicial admissions. *Id.* We review orders granting judgment on the pleadings *de novo*. *Arora v. State Farm Fire & Casualty Co.*, 2025 IL App (2d) 240522, ¶ 32.

¶ 21    Although plaintiff commingles his arguments somewhat throughout his briefs, they can seemingly be sorted into two principal points of contention: that (1) genuine issues of material fact rendered judgment on the pleadings improper; and (2) defendants were not entitled to judgment because they did not properly support their invocation of the merger doctrine. We reject both points.

¶ 22                                    1. Genuine Issues of Material Fact

¶ 23    Despite plaintiff's claims, the record does not reveal any genuine issues of material fact precluding judgment on the pleadings. Again, judgment on the pleadings is inappropriate where the filings reveal a genuine issue of material fact. *LM Insurance Co.*, 2023 IL App (2d) 220234, ¶ 15. "A genuine issue of material fact exists where the material facts are disputed or reasonable people could draw different inferences from the undisputed material facts." *Haase v. Kankakee School District 111*, 2025 IL 131420, ¶ 29. One cannot simply assert the existence of a dispute; the record itself must disclose a genuine issue of material fact. *Id.* ¶ 40 (citing *Cincinnati Insurance Co. v. Argubright*, 151 Ill. App. 3d 324, 329 (1986)).

¶ 24    Here, plaintiff argues that defendants' various denials in their answer constitute genuine issues of material fact, as they involve questions of "performance, intent, *** good faith, bad faith,

reasonableness, damages, and the surrounding circumstances of the transaction." Plaintiff also notes that his complaint alleged sufficient facts to support a claim of involuntary payment under duress and suggests that material questions of fact remain as to this "cause of action." He contends, without citing any authority, that "the merger doctrine does not apply to [his] alternative or combined claims for breach of contract and involuntary payment under duress," because his claims are "predicated on [d]efendants' bad faith and unfair dealing." We disagree.

¶ 25    The merger doctrine is a "well established" doctrine in Illinois providing that "all prior agreements between a buyer and a seller are merged in the deed upon its acceptance." *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). Thus, upon closing a real estate transaction, "[t]he deed supersedes the [earlier] provisions of the real estate contract and becomes the only binding instrument between the parties." *Id.* Courts have recognized limited exceptions to the merger doctrine, such as instances where an earlier agreement creates obligations independent of the conveyance. *Id.* at 370. Such obligations are designated as collateral undertakings and remain enforceable even after a deed is transferred. *Id.* The question of whether the merger doctrine applies hinges on the parties' intent. *Daniels v. Anderson*, 162 Ill. 2d 47, 64 (1994). We determine the parties' intent from the plain language of the relevant instruments. *Gallagher v. Lenart*, 226 Ill. 2d 208, 233 (2007). "The construction of a contract presents a question of law." *Id.* at 219.

¶ 26    In the amended complaint, plaintiff alleges that defendants breached the preclosing agreement setting the purchase price at $10,000 above the home's appraised value. Defendants, in turn, raised the merger doctrine as an affirmative defense, asserting that the agreement became unenforceable upon delivery of the deed. Accordingly, because the defense was apparent from the pleadings, its application could properly be considered in resolving defendants' motion for judgment on the pleadings. *LM Insurance Co. v. City of Sycamore*, 2023 IL App (2d) 220234, ¶

15; *Elane v. St. Bernard Hospital*, 284 Ill. App. 3d 865, 870 (1996) (defendant's answer and affirmative defense considered in resolving motion for judgment on the pleadings).

¶ 27 If the merger doctrine applies, the preclosing agreement cannot support plaintiff's breach of contract claim, thereby barring him from any alleged right to recovery. The doctrine's application turns on the parties' intent as reflected in the plain language of the closing documents, which courts interpret as a matter of law. *Id.* Thus, defendants' denials concerning performance, intent, good faith, or otherwise cannot create genuine issues of *material* fact, because the dispositive issue ultimately turns on the legal effect of the parties' closing documents.

¶ 28 Plaintiff's arguments regarding duress also lack merit. Plaintiff's amended complaint alleged only a single breach of contract claim against defendants, no separate count for involuntary payment under duress was delineated as required by section 2-613(a) of the Code. 735 ILCS 5/2-613(a) (West 2024). Accordingly, plaintiff's assertion that his "alternate cause of action" created material issues of fact necessarily fails. While plaintiff argues that defendants have forfeited any arguments under section 2-613(a), we note that forfeiture only limits the parties, not the reviewing court. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15.

¶ 29 Further, while the question of duress is rooted in fact, a duress claim that lacks any basis whatsoever in the record may be rejected as a matter of law. *Higgins v. Brunswick Corp.*, 76 Ill. App. 3d 273, 278 (1979). Here, plaintiff alleged that he closed the transaction under duress, but the undisputed facts clearly demonstrate that he voluntarily entered into negotiations to purchase the home. At best, plaintiff's allegations reflect economic pressure, not any type of actionable duress. For these reasons, plaintiff has failed to show the existence of any genuine issues of material fact precluding judgment on the pleadings.

¶ 30                        2. Invocation of Merger by Deed

¶ 31    Next, plaintiff has forfeited any argument that defendants failed to properly invoke the merger doctrine. Specifically, plaintiff argues that defendants did not properly raise their affirmative defense because they failed to "introduce or support any new affirmative matters, such as affidavits or evidence, to properly invoke the merger doctrine." However, because plaintiff points to no authority requiring a party to file any specific affidavits or exhibits to assert a merger defense—particularly where the pertinent contract language is already contained within the record—this argument is forfeited. *Id.*

¶ 32                    B. Interlocutory Rulings and Attorney Fees

¶ 33    Finally, because plaintiff has failed to provide a sufficient record to permit meaningful review of his remaining contentions—that the court erred in reversing certain interlocutory orders and in granting defendants' petition for attorney fees and costs—those arguments are forfeited. Illinois Supreme Court Rule 321 specifies that "[t]he record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law record," unless the parties stipulate otherwise. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). "The record on appeal shall also include any report of proceedings prepared in accordance with Rule 323." *Id.* "A report of proceedings may include evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." Ill S. Ct. R. 323 (eff. July 1, 2017). "The report of proceedings shall include all the evidence pertinent to the issues on appeal" *Id.*

¶ 34    It is the appellant's burden to provide a sufficiently complete record of proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "In the absence of a

complete record, especially when the abuse-of-discretion standard applies, we presume that the trial court acted properly." *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22.

¶ 35 Here, neither party disputes that plaintiff's remaining contentions are reviewed under the abuse-of-discretion standard. However, the record on appeal contains no report of proceedings, and the circuit court's written orders offer no explanation of its reasoning underlying the challenged rulings, including its purported reversals of interlocutory orders or its decision to award defendants attorneys' fees and costs. Absent such a record, there is simply no way to determine the basis for the trial court's decisions, much less whether it abused its discretion. Accordingly, we presume the trial court properly managed its interlocutory orders and defendants' petition for attorney fees. *Foutch*, 99 Ill. 2d at 391.

¶ 36                                    III. CONCLUSION

¶ 37 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 38 Affirmed.